CASE 4—PETITION ORDINARY—MARCH 9.

# Wheatly v. City of Covington.

APPEAL FROM KENTON CIRCUIT COURT.

1. MUNICIPAL TAXATION.—The power to levy and cause taxes to be collected is legislative, and all power of the city government of Covington over the subject is vested in the council.
2. POWERS OF A MUNICIPAL CORPORATION ARE CONSTRUED STRICTLY against it in favor of the public; but there is no rule of law requiring such construction in order to hold the corporation liable for a claim preferred against it by an individual.
3. OFFICERS' FEES.—Where specific compensation is given by law to a public officer by way of fees or commissions for the performance of specific duties, the true rule would seem to be, that he is not entitled to the compensation unless he performs the service; nor can he recover damages on account of having been prevented from performing the services whereby he would have earned the designated compensation. (9 Dana, 128.)
4. BREACH OF CONTRACT AND PUBLIC OFFICES. — If one party to a contract offers to perform his agreement, but is prevented by the other, the offer will be treated as performance, or as excusing performance on his part, and he may recover the whole compensation agreed to be given, or the damages sustained in consequence—

But employment in a public office creates no such rights or liabilities. (37 N. Y. 518.)
5. DECREASING COLLECTORS' COMMISSIONS.—Where the city charter of Covington provided that all tax bills remaining in the hands of the city treasurer after the 15th day of June in each year should be placed in the hands of the collector for collection with fifteen per

Wheatly v. City of Covington.

cent added, it is held that the city council had the right to extend the time within which payment might be made to the treasurer, and remit the penalty of those so paying, and that this was no infringement of the rights of the collector.

CARLISLE & FOOTE, . . . . . . . . . For Appellant,

CITED

Act of March 2, 1850, City Charter, pp. 22, 23, 24.
Act of February 9, 1856, Covington City Charter, p. 41.
American Corporation Cases, 283.
1 Ohio St. 268, Mays v. Cincinnati.
2 Dillon on Mun. Corpor'ns, secs. 769, 770, 771. 1 Ib. sec. 172.
12 Cush. 103, Vincent v. Nantucket.
14 Iowa, 494, Clark v. Davenport.
19 Iowa, 199, Clark v. Des Moines.
23 How. 435, 7 Ohio St. 31–36.
18 Ohio St. 523, Collins v. Hatch.
20 Iowa, 450, Ham v. Miller.

JOHN P. HARRISON, . . . . . . . . . For Appellee,

CITED

Acts 1849–50, p. 239.          2 Acts 1867–8, p. 427.
Cooley's Con. Lim. p. 77.
Dillon on Mun. Corporations, sec. 767.
4 Bush, 482, Louisville City Railway Co. v. City of Louisville.
1 Selden, 285, Conner v. Mayor.
4 Wheaton, 627.                7 Hill, 8.
2 Denio. 272.                  36 Barb. 169.
4 E. D. Smith. 430.            25 Wend. 680.
9 Dana, 128.                   6 Mon. 643, White v. Clarke.
21 Pick. 67, Torrey v. Milbury.
37 N. Y. 518, Smith v. Mayor of New York.
19 N. Y. 326.                  35 Cal. 21.

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

The charter of the city of Covington and the amendments thereto provide that all tax bills remaining in the hands of the city treasurer after the 15th day of June in each year shall, within five days thereafter, be marked "delinquent," and returned to the city clerk, who shall add fifteen per cent thereto and place the same into the hands of the collector for collection.

The collector is required to receipt for the bills so placed in his hands, and proceed forthwith to collect the same, and he is allowed seven per cent commission on all sums collected by him, to be paid by the city.

In this state of the law, the city council, on the 15th day of June, 1868, while the appellant was city collector, passed a resolution remitting the penalty of fifteen per cent as to all delinquents who should pay their taxes before the 1st day of July, and directing the committee on ways and means to make proper arrangements to carry the resolution into effect.

The committee accordingly waited upon the treasurer, who had all the unpaid tax bills in his hands, and instructed him not to return them to the city clerk, but to continue to collect until July 1st, which he did, and before that time arrived collected over $27,000.

The appellant was present when the foregoing directions were given, and then gave notice to the committee and treasurer that he was ready to proceed to collect the unpaid taxes for that year, and protested against the execution of the order of the council.

This action was brought against the city to recover seven per cent commission on the amount of taxes collected by the city treasurer between the 15th day of June and the 1st day of July.

The office of collector is created by the charter, and the incumbent receives no salary or perquisites beyond his commission and fees for collecting taxes; and his counsel now insist that he had, by virtue of his office, an absolute right to collect all taxes not paid by the 15th of June, and that, having been illegally prevented from collecting so much of the taxes as was collected by the treasurer between the 15th of June and the 1st of July, he is entitled to the compensation which he would have been entitled to if he had collected that sum himself.

All the legislative authority of the city government is vested by the charter in the city council. The power to levy and cause taxes to be collected is legislative, and all power of the city government over the subject is therefore in the council, and it either possessed the power to postpone the time when unpaid tax bills should be placed in the collector's hands, or no such power existed any where in the city government, and a tax once levied would be beyond the control of any authority except the legislature of the state. We do not suppose such a position would be contended for. The fact that the collector is entitled to compensation for taxes collected by him would, under the construction contended for, operate as a limitation upon the legislative power of the council.

If he has a right to insist that all tax bills remaining unpaid on the 15th of June shall be placed in his hands for collection, or, if not, that he shall be paid as if he had collected them, he would have the same right to insist when a tax is once levied that the ordinance levying it could not be repealed at any time, or, if repealed, that he should be paid commission on the whole, because the whole would remain unpaid on the 15th of June.

The provision of the charter that the tax bills shall remain in the hands of the treasurer until the 15th of June was made in easement of the tax-payers, and is so far mandatory that the council would have no power either to add the penalty of fifteen per cent or to place the bills in the hands of the collector at an earlier date for compulsory collection, and, it may be, would have no power to allow him compensation for collections made by him before that time, because the powers of a corporation will be construed most strictly against it in favor of the public. But we do not know any rule of law which requires the powers of a municipal corporation to be strictly construed in order to hold it liable to respond to a claim preferred against it by an individual. So far therefore as the provision that the tax bills shall remain until the 15th of June

in the hands of the treasurer, to whom taxes may be paid without penalty and without cost to the city, it is mandatory; but the provision that all bills not then paid shall be stamped delinquent, and pass into the hands of the collector, is directory only. This provision only concerns the collector incidentally; he neither levies nor pays the taxes, and can not be said to have such an interest in a literal compliance with the provision as will make it mandatory as to him. The statute requires that executions issuing on judgments of the circuit court shall be directed to the sheriff, who, if he collects the money, is entitled to commission; yet it would hardly be insisted that if a plaintiff caused an execution to be directed to the jailer or coroner, by whom the amount was collected, that the sheriff could recover the amount of the commission from the execution plaintiff. Such a case does not, however, seem to us to be distinguishable upon principle from the case at bar.

Where specific compensation is given by law to a public officer by way of fees or commissions, for the performance of specific duties, the true rule would seem to be that he is not entitled to the compensation unless he performs the services (Snell v. Sheriff of Woodford, 9 Dana, 128); nor can he recover damages on account of having been prevented from performing the services whereby he would have earned the designated compensation.

If one party to a contract offers to perform his agreement, but is prevented by the other, the offer will be treated as performance or as excusing performance by the party so offering, and he may recover the whole compensation agreed to be given or the damages sustained in consequence of not being allowed to perform his part. But employment in a public office creates no such rights or liabilities. (Smith v. Mayor of New York, 37 N. Y. 518.)

When the appellant accepted the office of collector for the city he took it subject to the legislative control of the council

over the subject of levying and collecting taxes. If no taxes had been levied he could not have complained; and taxes having been levied, and the council having power to extend the time within which payment might be made to the city treasurer, and having done so, and the appellant being entitled to compensation only for the collections actually made by him, the court below properly decided that he had no right to recover commission on the money collected by the treasurer, or for damages resulting from being deprived of the opportunity to collect.

Wherefore the judgment is affirmed.