JUDGE PEYOE
delivered the opinion oe the court.
The city council having been empowered to organize and maintain a fire department, it necessarily followed that the power of selecting the officers to control that department belonged to that body, there being nothing in the city charter to prevent its exercise. They fixed the term of office of the chief of the fire department at two years, his salary to be at the rate of $50 a month.
He was also, ex officio, one of the board whose duty it was to make and enforce such rules as might be deemed necessary to operate this department of the city government.
There was no contract between the appellant and the city by which the services of the former had been secured to the city for any length of time. It was optional with appellant, after the acceptance of the office by him, to retain it or not, and upon his resignation no action could have been maintained against him by the city. It was an office created by the city legislature, pertaining to the fire department, for the safety of'the property within its boundary; and when not proving beneficial the council had Dot only the power to abolish the offices connected with it, but the department itself. This seems to have been done, and the department has no longer an existence. „
The case of Chase against the city of Lowell, reported in 7 Gray, conduces to sustain the view taken of this question by counsel for appellant. In that case, however, it appears the committee appointed for the purpose of selecting the city *440 engineer were authorized to oontract with him for the ensuing year or for such time as they may deem expedient; and having entered into a contract for the services for a fixed time, it might well be argued that both parties were bound to perform its stipulations.
This appellant was an officer of the city by virtue of his appointment, subject to the right of the council to abolish his office. It was necessary not only to appoint the chief of the department, but to employ many others to aid in its successful operation; and to require that the city should be compelled to pay these parties, or any one of them who may have been appointed by the council to discharge certain duties, when the department itself had been abolished, would be to hold that the mere appointment was in the nature of a hiring from year to year, and that the corporation was compelled to maintain the department for the two years, or if not, to pay the officers appointed to operate it their full salaries, whether any services were rendered or not. The services to be rendered in this case were not professional or private, but official and public.
“Although an officer may be elected or appointed for a fixed period, yet when he is not bound and can not be compelled to serve for the whole time, such election or appointment can not be considered a contract to hire for a stipulated term.” (Dillon on Corporations, page 204; Iowa City v. Foster, 10 Iowa; Commonwealth v. Mayor of New York, 1 Seld.; Hoboken v. Gear, 3 Dutch., N. J., 265; Wheatly v. City of Covington, 11 Bush, 18.)
The council, in organizing the fire department, created the office of ohief of the department, fixed the term at two years, and appointed the appellant Williams. This was not a contract between the city and appellant, nor was it obligatory on the latter to serve the two years.
The court below having so decided, the judgment is affirmed.