CASE 17—ACTION TO RECOVER COMPENSATION FOR SERVICES.

# Campbell County v. Trapp.

APPEAL FROM CAMPBELL CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.   REVERSED.

BRIDGE COMMISSIONER—POWER TO FIX TERM—REVOCATION OF APPOINT-
MENT—ABOLITION OF OFFICE—COMPENSATION.

Held:   Kentucky Statutes, section 4320, providing that the fiscal
court of a county may appoint a special commissioner to let
out and superintend the construction or repairing of any bridge
or bridges, and fix his compensation therefor, did not author-
ize the fiscal court to appoint a bridge commissioner for a term
of four years, and to fix his salary for that time, and therefore
one who was thus appointed held the office subject to the right
of the fiscal court to revoke the appointment, either by removing
him from office or by abolishing the office.

RAMSEY WASHINGTON, FOR APPELLANT.

On December 21, 1897 the fiscal court of Campbell county
elected G. L. Trapp, bridge commissioner of said county, for a
term of four years.   On January 5, 1898 a new fiscal court
(which had been elected) at a special meeting removed Trapp
from said office and · discontinued the office.   The same court
at a regular term, on the first Tuesday in April, 1898, made the
same order of removal and discontinuance of the office.
    Appellant contends that as the fiscal court is statutory, and a
court of limited jurisdiction, everything necessary to give it
jurisdiction and power to act must be affirmatively set out in
the petition.   In this case the petition of the plaintiff does not
show that the order appointing him names any bridge that he
was to repair or superintend the construction of, nor that there
was any bridge to be built or repaired.
    The demurrer to the petition also questions the right of the
fiscal court to elect a bridge commissioner for four years—be-
.ing a court of limited jurisdiction it can only do that which
the statute expressly authorizes it to do.
    We contend that the fiscal court exceeded its authority when
it created an office for four years; that it only had the right
to appoint such commissioner when there was a bridge to be

repaired or constructed, and that such commissioner was only the agent of the fiscal court to perform such work as it ordered, and said court had the right to remove him at pleasure. Kentucky Statutes, 4320; 21 R., 1246; Dillon on Corp., 204; 12 Bush, 433; 11 Bush, 18; Works on Courts and their Jurisdiction, 437.

C. T. BAKER, ATTORNEY FOR APPELLEE.

The appellee alleges in his petition that he was appointed bridge commissioner for Campbell county, December 21, 1897, for four years, at a salary of $800 per year; that he qualified by taking the oath of office and executed bond on the same day, which bond was accepted and approved by the court; that he served notice in writing upon the county judge, that he was willing and ready at all times to perform any duty required of him; that he has performed all of the duties required of him by the fiscal court, and that there was due him December 21, 1898, $800; that on January 3, 1899, he demanded in open court, said $800 but was refused payment, and he now sues for said $800 with interest from January 3, 1899.

The demurrer to the petition was properly overruled—defenses which deny appellee the office and plead his removal are inconsistent, and the court properly required an election.

The fiscal court had no right to remove appellee without notice, cause, and trial, and not then unless he was guilty of malfeasance or misfeasance in office.

### AUTHORITIES CITED.

Green v. Dudley, 6 R., 221; Lou. Hotel Co. v. Taylor, 10 R., 150; Hendrick v. Mitchell, 16 R., 769; Adams v. Johnson, 11 R., 137; Bentley v. Boston, 16 B. M., 686; Com. v. Cook, 8 Bush, 224; Prebels v. Chism, 5 T. B. M., 158; Lexington, &c. v. McMurry, 6 B. M., 215; Com. v. Williams, 1 J. J. M., 309; Taylor v. Tibbatts, 13 B. M., 182; 11 B. M., 147; McCarty v. McCarty, 8 Bush, 506; Cass Co. Comrs. v. Ry. Co., 88 Ind., 199; McDaniel v. Yuba Co., 14 Cal., 444; Page v. Hardin, 8 B. M., 672; Kentucky Statutes, secs. 1838, 1840, 4320, Gorham v. Luckett, 6 B. M., 149; Todd v. Dunlap, 18 R., 34, 329; Johnson v. Cavanaugh, 21 R., 1246.

OPINION OF THE COURT BY CHIEF JUSTICE GUFFY—REVERSING.

The appellee instituted this action in the Campbell circuit court against the appellant, seeking to recover judgment against it for $800, besides interest and cost. It is claimed in the petition that the fiscal court of Campbell

county elected the plaintiff bridge commissioner of Camp-
bell county for a term of four years from December 21,
1897, and fixed his salary at $800 per annum. It is further
alleged in the petition that the fiscal court of Campbell
county refused to pay plaintiff the said salary, hence he
instituted this suit. The substance of the answer of ap-
pellant is a denial that Trapp was ever elected bridge com-
missioner, or that he was ever a bridge commissioner for
Campbell county. It is further alleged that at a special
term of the Campbell county court, held at the court house
at Alexandria on January 5th, it made an order setting
aside the said order of December 21, 1897, and said order
removed said Trapp from said alleged office, and abolished
the said office of bridge commissioner. Various motions to
strike out and demurrers were entered and decided by the
circuit court which we deem it unnecessary to discuss or
recite, nor is it material to determine in detail the suffi-
ciency of either the petition as amended or the answer as
amended. The action having been submitted on the various
motions and demurrers and exhibits, the court adjudged
in favor of plaintiff, and rendered a judgment in favor of
plaintiff and rendered a judgment in favor of appellee for
the sum claimed, and from that judgment this appeal is
prosecuted.

It appears from the record that at a special term of the
fiscal court of Campbell county, held at Alexandria, 21st
day of December, 1897, said court assumed to elect the ap-
pellee bridge commissioner for said county for a term of
four years, and fixed his salary at $800 per annum, and that
he executed bond to the county, which was approved by the
court, in the sum of $5,000, for the faithful discharge of
his duties, and took the oath required by law. It further
appears that at a special term of said court, held at the
town aforesaid on January 5, 1898, an order was made at-

tempting to set aside the alleged order of December 21, 1897, and to remove said Trapp from said alleged office and abolish said office of bridge commissioner. It further appears that at a regular term of the fiscal court, held at the place aforesaid April 5, 1898, the order of December 21, 1897, appointing said Trapp bridge commissioner, was rescinded, and Trapp removed from office, and that said office of bridge commissioner was abolished. The contention of appellee is that the order of appointment or election of appellee as aforesaid was legal and binding, and that he thereby became entitled to hold the office of bridge commissioner for said county for the term of four years at a salary of $800 per annum, and it is insisted that the fiscal court could not abolish said office, or remove said Trapp therefrom, and that subsequent orders relied upon by appellant are null and void, and we are referred to many authorities to sustain the proposition that the court, after its adjournment in December, had no power to set aside the order of December 21, 1897. So far as the general doctrine of the power of a court, after the expiration of a term, over its orders, is concerned, the authorities may be said to sustain appellee's contention. It is, however, insisted for appellant that no such question is involved in this controversy. It is provided in section 4313, Kentucky Statutes, that the fiscal court of any county wherein the roads are worked by taxes may, at its first regular term after the taking effect of this act, appoint a supervisor of roads for and in its county, who shall hold his office for the term of two years, and until his successor is appointed and qualified, unless sooner removed by the fiscal court. Section 4320, Kentucky Statutes, reads as follows: "The fiscal court may appoint a special commissioner to let out and superintend the construction or repairing of any bridge or

bridges, and fix his compensation therefor: provided, however, that the supervisor shall not be liable for any defect or failure in regard to such bridge; but the special commissioner shall be liable therefor and the court shall require him to give bond with surety." The section supra seems to be the only authority conferred upon the fiscal court to appoint a bridge commissioner, and it will be seen that no term of office is fixed, but he may be appointed to superintend the construction or repairing of any bridge or bridges, and shall execute a bond. It is the contention of appellant that the fiscal court had no power to appoint said commissioner for any definite term, nor fix his salary, but that he was merely an agent of the county to do certain business or superintend certain work, and that his employment could be terminated at the pleasure of the court. In Johnson v. Cavanaugh (21 R., 1246) 54 S. W., 853, it was held, quoting from the syllabus: "Under section 4868, Kentucky Statutes, manager of the workhouse is the mere agent of the county court, and the fiscal court is clothed with lawful authority to remove incumbent at any time, in its discretion." It is further said, in discussing the question involved: "In the case of Johnson v. Ginn (105 Ky., 654) (20 R., 1475) (49 S. W., 470), in which the power of a county superintendent to remove at his discretion the county board of examiners appointed by him was construed and determined, this court said: 'The general rule is that where the power of appointment is conferred in general terms, without restriction, the power of removal in the discretion at will of the appointing power is implied, and always exists, unless restrained and limited by some provision of the law.'" In Williams v. City of Newport, 12 Bush, 438, the court had under consideration the rights of the chief of the fire department of the city and the power of removal. The

court held in that case that the city council, having been empowered to organize a fire department, it followed that the power of selecting the officers to control that department belonged to that body. They fixed the term of office of the chief of the fire department at two years, salary to be at the rate of $50 per month. He was also *ex officio* one of the board, whose duties were to make and enforce such rules as might be necessary to operate this department of the government. It was held by the court that there was no contract between the appellant and the city by which the services of the former had been secured to the city for any length of time. It was optional with appellant, after the acceptance of the office, for him to retain it or not, and, upon his resignation, no action could have been maintained against him by the city. It is further said in the opinion, "Although an officer may be elected or appointed for a fixed period, yet when he is not bound, and can not be compelled to serve, for the whole time, such election or appointment can not be construed a contract of hire for a stipulated term. The council, in organizing the fire department, created the chief of the department, fixed his term at two years and appointed the appellant Williams. This was not a contract between the city and appellant, nor was it obligatory on the latter to serve the two years." In Wheatly v. City of Covington, 11 Bush, 18, this court had under consideration a question somewhat similar to the one at bar, and in discussing the rights of the officer, said: "Where specific compensation is given by law to a public officer by way of fees or commissions for the performance of specific duties, the true rule would seem to be that he is not entitled to the compensation unless he performs the services; nor can he recover damages on account of having been prevented from

performing the services whereby he would have earned the designated compensation. If one party to a contract offers to perform his agreement, but is prevented by the other, the offer will be construed as performance, or as excusing non-performance, by the party, so that he may recover the whole compensation agreed to be given, or the damages sustained in consequence of not being allowed to perform his part; but employment in a public office creates no such rights or liabilities." It will be seen that section 4320, before quoted, does not fix any term of office for the bridge commissioner, nor is there anything in the section to indicate that it was the intention of the Legislature to authorize the court to fix any definite term of office, nor to fix an annual salary; in fact the expression, "to let out and superintend the construction or repairing of any bridge or bridges and fix his compensation therefor," would seem to indicate that his appointment was intended only to hire him to let out, etc., some designated bridge or bridges, and to fix his compensation therefor. We have already seen, from the quotations heretofore made from decisions of this court, that the general rule is that, where a general power of appointment is given without restriction, the power remains in the body making the appointment or election to remove the incumbent at will. It is also a well-settled rule of law that the power which can create an office can abolish the same at will, and persons accepting an appointment or election to such an office hold subject to the right of the power creating the office to abolish the same at will.

Our conclusion is that section 4320 did not confer upon the fiscal court the power to elect or appoint the plaintiff as bridge commissioner for the term of four years, or to fix or allow him an annual salary of $800 per annum. If he was invested with any authority at all by virtue of the

126            KENTUCKY REPORTS.            [Vol. 113

Equitable Life Assur. Soc. of United States v. Commonwealth.

order or so-called election of December 21, 1897, he held the same subject to the right of the fiscal court to revoke the appointment, either by removing him from office or by abolishing the office *in tolo,* which it appears the fiscal court proceeded to do on January 5, 1898. If the plaintiff rendered any services for the county before January 5, 1898, it would be the duty of the fiscal court to pay him a reasonable sum for such services, upon a proper presentation of his claim to such court.

For the reasons indicated, the judgment appealed from is reversed, and cause remanded, with directions to dismiss appellee's petition, and for proceedings consistent herewith. Bank v. Johnson (20 R., 210) (56 S. W., 825).