## City of Pineville et al. v. Collett.

June 25, 1943.

Logan E. Patterson for appellants.

W. L. Hammond and C. K. Calvert for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing in part and affirming in part.

The first paragraph of the city's brief follows:
"This is the third appearance of these litigants in this Court within the past six months. The litigation was instituted in the earnest, but none too sanguine, hope that it would effect a final determination of the rights of the parties involved."

It is our hope this opinion will alleviate the situation, to some extent, at least.

In December, 1941, O. C. Collett was elected by the city council of Pineville to the office of city clerk for a term of two years at a salary of $125 per month. In November, 1942, the council sought by a summary proceeding to remove Collett from his office. The question came before a Judge of this Court on a motion to dissolve a temporary injunction, and he, with three other Judges concurring, ruled the council could not so proceed. The council then preferred charges against Collett and notified him of its intention to hold a hearing on them. Collett sought to enjoin the city from so proceeding, and, in December, 1942, the question again came before a Judge of this Court on a motion to dissolve an injunc-

tion, and he, with all the members of the Court concurring, ruled that, since the legislature had not provided a method for removing the clerk in a fourth class city, the council was without power to remove Collett from office. In March, 1943, Collett was convicted of voluntary manslaughter and sentenced to seven years in the penitentiary. He was placed in jail pending his appeal to this Court and is still confined therein.

The city instituted this proceeding to have the court make Collett surrender the keys to the office of the city clerk and all books, records, documents, checks, and paraphernalia appertaining to the office; and to have the court set aside an order which restrained the council from electing a clerk pro tem, and to enter one authorizing the council to designate some person to act as clerk either temporarily or permanently. The city sought also a declaration of rights on the following questions: (1) Whether the office of the city clerk of Pineville is vacant because of Collett's conviction (section 150 of the Constitution, KRS 61.040); (2) If it be determined Collett is still clerk, is he entitled to the salary and emoluments of the office during the period he is confined in jail and therefore unable to perform the duties of his office; (3) Whether Collett may designate some person to act in his stead; (4) Whether the council would be guilty of contempt of court if it undertook to elect or designate some person to perform the duties of clerk; and (5) How shall the city carry on its affairs if it be determined that Collett alone is qualified to act as clerk, since he is unable to perform his duties.

Upon final hearing it was adjudged that Collett surrender the keys to the clerk's office, and also all books, records, documents, checks and paraphernalia appertaining to the office; that the office of clerk is not vacant and will not become so unless and until this Court affirms Collett's conviction; that Collett is still the city clerk of Pineville; that, even though confined in jail and unable to perform his duties, Collett is entitled to his salary, with the proviso that the city may designate a temporary clerk and pay him a reasonable compensation for his services not to exceed one-half of the regular salary, and whatever amount is paid the temporary clerk to be deducted from Collett's salary; that Collett is not entitled to designate anyone to act in his stead since the council may name a temporary clerk; and that the mayor and

the council will not be guilty of contempt in designating a temporary clerk as directed in the judgment, provided the temporary clerk be required to execute a bond in the amount of $2,500.

The city has filed an appeal on the ground Collett is not entitled to any salary while he is confined in jail pending his appeal in his Commonwealth case. Collett has filed a cross appeal wherein he urges he has the right to name a deputy clerk and it is the duty of the council to accept his designated deputy.

We think the chancellor correctly adjudged that Collett surrender the keys to the clerk's office and all books, records, documents, checks, and paraphernalia appertaining to the office of the clerk. Certainly there is no need for him to have them in his possession, since he is unable to perform his duties as clerk. The city's affairs must be carried on, and an officer who is confined in jail is not in a very good position to insist he can be of service to the city. We believe also the chancellor correctly adjudged the city has the right to designate and pay a temporary clerk during the period Collett is unable to perform his duties, and that Collett is not authorized to designate a deputy clerk. The council created the position of clerk and named Collett to fill the office for a two year period at a salary of $125 a month. If there had been any occasion for a deputy clerk, the council, in all probability, would have made provision therefor at the time of Collett's appointment. A job was created, and he as an individual was appointed to fill it. If he fails to perform his duties, or, as is now the case, is unable to perform them, it naturally follows that the city is authorized to designate someone to act in his stead during his period of disability.

We believe the chancellor erred in directing that Collett receive at least one-half of his salary during the time he is confined in jail. He is performing no service for the city, and it was through no fault of the city that he is now in such a position. It was said in the case of Wheatly v. City of Covington, 11 Bush 18, 74 Ky. 18, that, where specific compensation is given by law to a public officer by way of fees or commissions for the performance of certain duties, it would seem he is not entitled to compensation unless he performs his services. Under the circumstances involved in this case the city should not be expected to pay out money for nothing.

The part of the judgment holding the office of city clerk is not vacant because of Collett's conviction is correct. KRS 61.040 provides:

"If any officer or deputy holding any office or post mentioned in KRS 61.010 is convicted of bribery, forgery, perjury or any felony, by a court of record in or out of this state, his office or post shall be vacated by such conviction, and if a pardon is afterward granted to him it shall not avoid the forfeiture."

Collett's appeal to this Court suspended the judgment of conviction, and it will not become final until the appeal is finally acted upon. Foure v. Commonwealth, 214 Ky. 620, 283 S. W. 958; Neal v. Commonwealth, 221 Ky. 239, 298 S. W. 704. See, also, Dial v. Commonwealth, 142 Ky. 32, 133 S. W. 976.

It follows the judgment on the appeal is reversed, with directions to set it aside and for the entry of a judgment in conformity with this opinion. The judgment is affirmed on the cross appeal.