**John W. VADEN, Appellant,**

v.

**LOUISVILLE CIVIL SERVICE BOARD, Appellee.**

Court of Appeals of Kentucky.

Dec. 20, 1985.

John Tim McCall, Louisville, for appellant.

Winston E. King, Mark W. Dobbins, Louisville, for appellee.

Before CLAYTON, McDONALD and DUNN, JJ.

DUNN, Judge.

Appellant Vaden on June 30, 1982, was dismissed as a member of the Louisville Division of Police by appellee, the Louisville Civil Service Board, as a result of being convicted on that date of three felonies in the Shelby Circuit Court. His conviction was reversed on appeal and on retrial he was acquitted on all counts of the indictment and immediately reinstated to his former position. In this action in the Jefferson Circuit Court he claims damages of $50,327.57 in lost wages, the difference between his actual wages lost and his actual earnings for the period of his dismissal. The Jefferson Circuit Court entered its order denying his claim. He appeals; we reverse.

KRS 61.040 requires that any officer convicted of a felony vacate his office. The appellee agreeing with the trial court argues that Vaden is not entitled to wage

loss damages because he was not improperly discharged since he had been legally convicted of the three felonies in question at the time he was discharged. We disagree. The judgment of his conviction was suspended by his appeal to the Court of Appeals and did not become final till it was affirmed on appeal. It was not affirmed but was completely negated by his subsequent acquittal on retrial. *City of Pineville v. Collett*, 294 Ky. 853, 172 S.W.2d 640 (1943).

His dismissal was, therefore, improper and he was entitled to the damages he claimed, the difference between his lost wages and his actual earnings. *See Commonwealth of Kentucky v. Ratliff*, Ky., 497 S.W.2d 435 (1973).

The order of the Jefferson Circuit Court is REVERSED and this case is remanded to it for determination of damages. Also pursuant to 2(a) of the Order Designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate rules of civil procedure for further appellate steps, are reinstated effective the date of this opinion.

All concur.