**KENTUCKY BAR ASSOCIATION, Complainant,**

v.

**Tammie Jones SIVALLS, Respondent.**

**No. 2005–SC–0216–KB.**

Supreme Court of Kentucky.

June 16, 2005.

## OPINION AND ORDER

On January 14, 2005, the Kentucky Bar Association Board of Governors reviewed fifteen files regarding Respondent, Tammie Jones Sivalls, whose bar roster address is 1101 Oriole Avenue, Mount Sterling, Kentucky. While a full recitation of the facts of all fifteen files is unnecessary, a brief summary of the charges is worthwhile. Thirteen of the files arise from Respondent's mishandling of thirteen separate clients. A common thread of misconduct is apparent: each arises initially from Respondent's lack of diligence and her failure to communicate with her clients. Because she has not responded to any of the fifteen complaints issued by the Inquiry Commission, each file also contains a violation of SCR 3.130–8.1(b), failure to respond to a disciplinary authority. Many of the files also involve Respondent's failure to notify clients of termination of representation, her failure to protect her clients' interests, and conduct reflecting adversely on Respondent's honesty, trustworthiness, or fitness as an attorney.

The remaining two files involve the most egregious conduct. The first involves Respondent's representation in a personal injury lawsuit on behalf of two clients; she served as local co-counsel in the matter with William Driscoll. The representation came to a close when a settlement was reached with Allstate Insurance Company, who later issued checks and sent them to Mr. Driscoll. Mr. Driscoll forwarded the checks to Respondent for endorsement by the clients, with the intention that Respondent would return the checks for deposit into Mr. Driscoll's escrow account. For some two months thereafter, Mr. Driscoll was unable to contact Respondent. Through correspondence with the insurance company, Mr. Driscoll learned that one of the settlement checks had cleared the bank and that his own signature had been forged (and misspelled) on the back of that check. In the meantime, Respondent returned the funds with respect to one of the clients, but retained the proceeds with respect to the other client. Additionally, Mr. Driscoll was entitled to a portion of the settlement proceeds as a contingency fee.

A charge was issued against Respondent, who failed to respond. Thereafter, Respondent was charged by the Inquiry Commission for violation of SCR 3.130–1.3 (lack of diligence); SCR 3.130–1.4(a) (failure to inform a client); SCR 3.130–1.15(b) (failure to deliver funds to a client); SCR 3.130–1.16(d) (failure to notify client of termination of representation and to protect client's interest); SCR 3.130–8.1(b) (failure to respond to a disciplinary authority); SCR 3.130–8.3(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation); SCR 3.130–8.3(b) (committing a criminal act reflecting adversely on

honesty, trustworthiness or fitness of attorney).

The final complaint against Respondent was initiated based on criminal charges. Respondent was indicted by a Montgomery County Grand Jury on two felony counts: one count of criminal possession of a forged instrument in the first degree (KRS 516.050), and one count of theft by failure to make required disposition of property (KRS 514.070). The charges arose when Respondent converted, for her own use, the proceeds of a check from the U.S. Government to her client in the amount of $26,922.40. Respondent pled guilty to these charges and was granted pretrial diversion. After making restitution to her victim, Respondent was also ordered to complete 120 hours of community service and to pay a fine of $1000. A charge was issued against Respondent by the Inquiry Commission, but again Respondent failed to respond. In this file, Respondent was charged with violations of SCR 3.130–8.3(b) (committing a criminal act reflecting adversely on honesty, trustworthiness or fitness as a lawyer); SCR 3.130–8.1(b) (failure to respond to a disciplinary authority); and SCR 3.130–8.3(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation).

The following is a summation of the charges against Respondent in all fifteen files:

(1) SCR 3.130–1.3 (lack of diligence): thirteen counts;

(2) SCR 3.130–1.4(a) (failure to inform client): thirteen counts;

(3) SCR 3.130–8.1(b) (failure to respond to disciplinary authority): fifteen counts;

(4) SCR 3.130–1.16(d) (failure to notify client of termination of representation and failure to protect client's interests): twelve counts;

(5) SCR 3.130–8.3(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation): eight counts;

(6) SCR 3.130–8.3(b) (committing a criminal act reflecting adversely on honesty, trustworthiness, or fitness of attorney): two counts;

(7) SCR 3.130–1.15(b) (failure to deliver funds to a client): four counts;

(8) SCR 3.130–3.4(c) (knowingly or intentionally disobeying an obligation under rules of a tribunal): one count; and

(9) SCR 3.130–1.15(a) (failure to separate client's property from lawyer's own property): one count.

Because Respondent failed to appear or respond to any of the multiple allegations levied against her, the Board of Governors considered the matters as default files pursuant to SCR 3.210. "When an attorney fails to respond to a complaint, the allegation of the complaint may be taken as confessed." *Kentucky Bar Association v. Roney,* 862 S.W.2d 315, 317 (Ky.1993). The Kentucky Bar Association Board of Governors reviewed all of the fifteen files and made findings of facts, conclusions of law, and recommendations. The Board of Governors unanimously found her guilty of each of the sixty-nine counts contained in the fifteen files brought before it.

Following lengthy consideration of the appropriate degree of discipline, the Board of Governors unanimously recommended Respondent's permanent disbarment from the practice of law in the Commonwealth of Kentucky. This Court has also carefully reviewed the matter. The files, when considered together, reveal a continuous pattern of dishonesty and unfitness as an attorney spanning over two years. Several involve grievous acts of fraud, deceit, and criminal conduct. Also, we note Respondent's failure to address any of the allegations against her, or to respond in any way to the Inquiry Commission. For

these reasons, we agree with the recommendation of the Board of Governors that Respondent be permanently disbarred from the practice of law.

WHEREFORE, IT IS ORDERED that:

(1) Respondent, Tammie Jones Sivalls, be, and she is hereby permanently disbarred from the practice of law in the Commonwealth of Kentucky. She shall not be permitted to apply for reinstatement of her license to practice law. The period of disbarment shall commence on the date of the entry of this Opinion and Order.

(2) Pursuant to SCR 3.390, Respondent shall notify, in writing, all courts in the Commonwealth of Kentucky in which she may have matters pending and all clients of her inability to provide further legal services, and provide the Director of the KBA with a copy of all such letters. Notification must be furnished within ten (10) days from the entry of this Opinion and Order.

(3) Respondent is further ordered to pay the costs associated with this proceeding in the amount of $2,207.72, for which execution may issue upon finality of this Opinion and Order.

LAMBERT, C.J.; COOPER, GRAVES, JOHNSTONE, SCOTT, and WINTERSHEIMER, JJ., sitting.

All concur.

Entered: June 16, 2005.

/s/ Joseph E. Lambert
Chief Justice