Eric Christopher Conn[1] , by counsel authorized to act on his behalf pursuant to SCR 3.480(3), moves this Court to resign under terms of permanent disbarment.
As an initial matter, the KBA acknowledges that today's motion is being made through counsel without Conn himself attesting *291 to the motion. But the KBA received a letter from Conn himself on March 28, 2017, resigning from the KBA and authorizing Mr. White, counsel for today's motion, to "be a source for anything [the KBA] may need." Conn's counsel filed this motion while Conn was a fugitive from justice. Since filing the motion, Conn was captured in Honduras and extradited to the United States. We have no reason to believe that Mr. White's authority to act on behalf of Conn with regard to his withdrawal from the KBA has changed. Accordingly, we proceed to address the merits of the motion.
The factual basis leading to Conn's disbarment is found in KBA files 22222 and 16-DIS-24363.
KBA file 16-DIS-24363 stems from Conn's guilty plea following his March 16, 2017, plea to two felony counts in criminal proceedings before the United States District Court, Eastern District of Kentucky. The Inquiry Commission filed a two-count charge against Conn on September 22, 2017, alleging violations of SCR 3.130 (8.4)(b)[2] and SCR 3.130 (8.4)(c).[3] Conn failed to answer the charge and the matter was submitted to the Board of Governors for processing as a default under SCR 3.120. Through counsel, Conn acknowledged his actions constituted unethical conduct in violation of the above Rules of Professional Conduct and by letter tendered his resignation to the KBA.
KBA file 22222 is the result of a guilty plea to a misdemeanor charge in the Circuit Court of Franklin County, Kentucky. Conn pleaded guilty to violating KRS 121.150(12) by making a gift of money to another person to contribute to a candidate on his behalf. The felony charge was reduced to a Class A misdemeanor, Conn entered a guilty plea, and was sentenced to 12 months in jail, conditionally discharged for two years. As a result of the plea, Conn admits to the KBA charge that he violated SCR 3.130 (8.4)(b).[4]
The KBA, in support of Conn's motion, points us to several cases it believes support the proposed disposition of this motion.
Primarily, the KBA cites cases in which we have found permanent disbarment appropriate for individuals who had committed various financial related crimes. In Kentucky Bar Association v. Rorrer , we permanently disbarred Rorrer following his conviction for conspiracy to commit the crime of money laundering.[5] In Rorrer we stated, "... we treat criminal financial misconduct by attorneys very seriously; and we have previously found that disbarment was appropriate for numerous attorneys who had committed criminal offenses involving dishonesty in financial matters."[6] A footnote to this quote cites numerous cases in support of its assertion, and it is not necessary to list them all today.
In Kentucky Bar Association v. Sivalls , we permanently disbarred Sivalls on multiple *292 counts of misconduct, including her conviction for theft by failure to make required disposition of funds stemming from the conversion of a check made payable to her client.[7] Like Sivalls , in King v. Kentucky Bar Association , we permanently disbarred King after pleading guilty to felony theft charges by failure to make required disposition of property related to his misappropriation from the Master Commissioner's account.[8]
We agree with the KBA. Conn's actions, as reflected in his pleading guilty to multiple charges, exhibit conduct which make him unfit to practice law in the Commonwealth. Aside from Conn's recent behavior, fleeing the country, he has pleaded guilty to enough criminal financial activity to support permanent disbarment: one count of Criminal Attempt to Make a Gift to Another Person to Contribute to a Candidate on His Behalf,[9] Theft of Government Money,[10] and Paying Illegal Gratuities.[11]
Furthermore, the Disciplinary Clerk having submitted the active disciplinary files maintained by the Inquiry Commission, the KBA has no objection to Conn's request to dismiss the one remaining open KBA file.[12] Having granted Conn's motion for permanent disbarment, we see no reason to disagree with the KBA.
Accordingly, the Court ORDERS:
1) Eric Christopher Conn is permanently disbarred from the practice of law in the Commonwealth of Kentucky;
2) We dismiss as moot the remaining attorney disciplinary proceeding pending against Conn;[13]
3) All costs associated with these proceedings are to be paid by Conn; AND
4) Conn must notify all courts and clients of his suspension in accordance with SCR 3.390. Those notifications must be made by letter in the United States mail within ten days from the date of entry of this Opinion and Order. Conn must also simultaneously provide a copy of all notification letters to the Director of the Kentucky Bar Association, Also, to the extent possible, Conn must cancel and cease any advertising activities in which he is engaged.
/s/ John D. Minton Jr.
CHIEF JUSTICE
All sitting.
All concur.

Conn was admitted to the practice of law in the Commonwealth of Kentucky on May 21, 1993 and his bar roster address is 12407 South U.S.23, P.O. Box 308, Stanville, Kentucky 41659. Conn's Bar Membership number is 84665.

SCR 3.130 (8.4)(b) ("[i]t is professional misconduct for a lawyer to: commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.").

SCR 3.130 (8.4)(c) ("[i]t is professional misconduct for a lawyer to: engage in conduct involving dishonesty, fraud, deceit or misrepresentation.").

SCR 3.130 (8.4)(b) ("[i]t is professional misconduct for a lawyer to: commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.").

Kentucky Bar Association v. Rorrer , 222 S.W.3d 223 (Ky. 2007).

Id.

Kentucky Bar Association v. Sivalls , 165 S.W.3d 137 (Ky. 2005).

King v. Kentucky Bar Association , 162 S.W.3d 462 (Ky. 2005).

KRS 121.150(12).

18 U.S.C. § 641.

18 U.S.C. § 201(c)(1)(A).

KBA File 2286. This file relates to an October 7, 2013, Staff Report by the United States Senate Committee on Homeland Security and Governmental Affairs.

KBA File 22286.