832

**COMMONWEALTH of Kentucky,
Appellant,**

v.

**Ray DUVALL, Appellee.**

Supreme Court of Kentucky.

March 11, 1977.

Robert F. Stephens, Atty. Gen., Miles H. Franklin, Asst. Atty. Gen., Frankfort, for appellant.

Thomas F. Towles, Public Defender, Fayette County Legal Aid Inc., Lexington, for appellee.

PER CURIAM.

On February 17, 1976, during the trial of Ray Duvall for knowingly receiving stolen property (KRS 433.290), the trial court refused to permit the Commonwealth to introduce for impeachment purposes evidence that on January 6, 1975, Duvall had been convicted of a similar offense or offenses. The 1975 judgment had been affirmed by this court on December 12, 1975, but on January 12, 1976, Duvall had filed a petition for rehearing, and on the date of the trial now in question the petition for rehearing was still pending. (It was eventually denied, and the mandate issued on March 26, 1976).

The trial court correctly held that under the principle of *Foure v. Commonwealth*, 214 Ky. 620, 283 S.W. 958, 962 (1926), for impeachment purposes a judgment of conviction that has been appealed is not final until the mandate is issued. The Attorney-General urges that the rule be relaxed and brought into line with Rule 609(e) of the Federal Rules of Evidence, under which the pendency of an appeal does not prevent proof of the conviction from which the appeal was taken. This, it is said, is the majority rule in the country. Cf. Annotation, 16 ALR 2d 726. We think, however, that until the litigation is ended and the conviction has survived the appeal it should not be admissible. Until then the defendant's day in court is not over. We decline to overthrow what we consider to be a sound principle.

The law is so certified.

All concur.