Charles T. CORNETT, District Judge
26th Judicial District, Appellant,

v.

The JUDICIAL RETIREMENT AND RE-
MOVAL COMMISSION of the Com-
monwealth of Kentucky, Appellee.

Supreme Court of Kentucky.

Sept. 1, 1981.

As Modified on Denial of Rehearing
Jan. 12, 1982.

J. K. Beasley, Harlan, for appellant.

Paul A. Willis, Robert G. Lawson, Lex-
ington, for appellee.

STERNBERG, Justice.

The Judicial Retirement and Removal
Commission of the Commonwealth of Ken-
tucky, hereinafter referred to as Commis-
sion, entered an order removing the appel-
lant, Charles T. Cornett, from his office of
District Judge of the 26th Judicial District.
Judge Cornett appeals to this court. We
remand the proceedings to the Commission
for further action.

PROCEEDINGS IN THE UNITED
STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF KEN-
TUCKY

1/8/80 Judge Cornett was indicted in
the United States District Court for the
Eastern District of Kentucky on two
felonies. Count 1 charges that Judge
Cornett, along with two co-indictees,
unlawfully and knowingly did conspire,
confederate and agree together and
with each other, and with other persons
known and unknown to the Grand
Jury, to conduct and participate, direct-
ly and indirectly, in the conduct of an
enterprise's affairs through a pattern
of racketeering activity, in violation of
Title 18, United States Code, Section
1962(c).

Count 2 charges Judge Cornett, along
with others, with being persons em-
ployed by and associated with an enter-
prise as defined by Title 18, United
States Code, Section 1961(4), the activi-

ties of which enterprise affected interstate commerce.

10/31/80  A two-day jury trial resulted in appellant's being found guilty on both counts.

12/16/80  The trial judge imposed a sentence of four years' imprisonment on each count, imprisonment on the sentences to run concurrently.

12/16/80  Appellant filed a notice of appeal in the office of the Clerk of the United States District Court for the Eastern District of Kentucky, at London, Kentucky, to the United States Court of Appeals for the Sixth Circuit. Said appeal is now pending.

So much for the proceedings in the United States District Court.

## PROCEEDINGS BEFORE THE COMMISSION AND THIS COURT

1/10/80  This court entered an order assigning the regular judge of the Harlan Circuit Court as special presiding judge of the District Court for the 26th Judicial District in the place and stead of Judge Cornett.

1/25/80  The Commission voted unanimously to authorize an investigation under SCR 4.170 of the conduct of Judge Cornett as judge and as made known by the indictment returned against him and others in the United States District Court.

1/30/80  Judge Cornett was notified in writing of said investigation and he was afforded an opportunity to appear informally before the Commission, which he did not do.

11/5/80  Judge Cornett was notified in writing that the Commission would hold an informal meeting on December 5, 1980, to discuss what action, if any, should be taken against him as the result of his conviction in the federal court. Pursuant to SCR 4.170(2), it again afforded Judge Cornett an opportunity to appear in person and with counsel.

11/30/80  The Executive Secretary of the Commission requested Judge Cornett to let him know whether the judge planned to meet with the Commission on December 5, 1980. The judge did not attend in person or by counsel.

12/5/80  The Commission entered an order temporarily suspending Judge Cornett from the performance of his duties without affecting his pay status, based on his indictment and conviction in the United States District Court on two counts of conspiracy and bribery.

12/10/80  Written notice was given to Judge Cornett of the December 5, 1980, action of the Commission.

12/12/80  Written notice was given to the Judge Cornett as required by SCR 4.170(2). The notice specified that the Commission would meet on January 30, 1981, and again afford him an opportunity to be present. Again, Judge Cornett did not attend.

1/30/81  Written notice was given to Judge Cornett that the Commission had instituted formal proceedings against him pursuant to SCR 4.180. He was charged with having been convicted of a crime punishable as a felony. SCR 4.020(1)(b)(vii). The written notice to Judge Cornett specified the place (Regency Hyatt, Lexington, Ky.), the date (April 3, 1981), and the time (11:00 a.m.) of the formal hearing on the charges against him.

4/3/81  The formal hearing proceeded with a statement of the charges against Judge Cornett, as follows:

"On October 30, 1980, Judge Cornett was convicted in the U.S. District Court, the Eastern District of Kentucky, London, Kentucky, on two counts of conspiracy and bribery, punishable as a felony. The convictions were for conspiracy to conduct or participate in the conduct of an enterprises affairs through a pattern of racketeering activity in violation of Title 18, Section 1962(d) of the U.S. Code in conducting or participating in the conduct of an enterprise engaged in interstate commerce through a pattern of racketeering activity or collection of

unlawful debt in violation of Title 18, Section 162(c) of the United States Code.

The Commission has the authority under Supreme Court Rule 4.020(1) to remove a judge whom it finds to have been convicted of a crime punishable as a felony."

4/3/81 Judge Cornett attended the meeting in person and without counsel. He implored the Commission to defer a decision on the charges made against him until after the proceedings in the federal court had been fully and completely litigated. This the Commission refused to do.

4/6/81 The Commission filed findings of fact and conclusions of law and entered the following order:

"Judge Charles T. Cornett is hereby removed from his office as district judge (SCR 4.020(1) and (1)(c)) by unanimous action of the Commission. This order is effective ten days after service on Judge Cornett unless he appeals therefrom within that time."

4/20/81 An appeal to the Supreme Court of Kentucky was duly taken by Judge Cornett from the final order of the Commission removing him from office.

On this appeal two issues are presented. First, the appellant challenges the charge made against him that he is disqualified to serve as a District Court Judge. Section 122 of the Kentucky Constitution deals with the qualifications that a person must possess to serve as a District Court Judge, as follows:

"Eligibility.—To be eligible to serve as a ... judge of the ... District Court a person must be a citizen of the United States, licensed to practice law in the courts of this commonwealth, and have been a resident of this commonwealth and of the district from which he is elected for two years next preceding his taking office.... No district judge shall serve who has not been a licensed attorney for at least two years."

The fact that appellant was found guilty in the United States District Court for the two felony offenses has not only been brought to the attention of the Commission but disciplinary proceedings are pending against him by the Kentucky State Bar Association. The disciplinary proceeding, as well as the removal action, is predicated upon the fact that Judge Cornett was found guilty of the two felony offenses. This court, pursuant to the authority of SCR 3.165 and Section 116 of the Kentucky Constitution, has temporarily suspended Judge Cornett from the practice of law in this commonwealth until further order of this court.

■ In disposing of the first issue, suffice it is to say that since Judge Cornett is suspended from the practice of law in this commonwealth, even though it is a temporary suspension, he is thereby temporarily disqualified to serve as a District Court judge.

■ The second issue presents an unusual situation. Does SCR 4.020(1)(b)(vii) use the word "conviction" to mean the entry of a judgment upon a verdict of a jury, or does it mean a final order resulting from the affirmance of the judgment of the trial court by a court of last resort?

We have been unable to find any decision of this court where this issue as it affects judicial discipline has been decided. This court was presented with this issue in a disciplinary action as it affected an attorney at law in *Kentucky State Bar Ass'n v. Vincent*, Ky., 537 S.W.2d 171 (1976), but found it unnecessary and did not reach it. We said:

"This court is advised that respondent's appeal has been dismissed and that at this time he is serving his sentence. His request that this case be held in abeyance until his appeal of his criminal conviction is determined is now moot."

In another disciplinary proceeding against an attorney, we said in *In re Rudd*, 310 Ky. 630, 221 S.W.2d 688 (1949):

"It is the commission of crime that forfeits an attorney's privilege and

license to engage in the practice of law . . . .

. . . .

Disbarment proceedings based solely upon a record of conviction can and should be distinguished from all other proceedings brought by or before the Bar Association. Upon conviction, an attorney has had his day in court. The matter of his guilt or innocence and his consequent fitness or unfitness to hold himself out as an attorney at law is final and cannot again be tried in disbarment proceedings."

Appellant was convicted in the United States District Court of the commission of two crimes. However, if he would be successful on his appeal in knocking out these two convictions, he would not then and under those conditions be tagged with the commission of a crime so as to forfeit his license to practice law. In *City of Pineville v. Collett*, 294 Ky. 853, 172 S.W.2d 640 (1943), this court considered the status of a city clerk who had been convicted of a felony and incarcerated in jail pending an appeal. The trial court held, and it was affirmed on appeal, that the office of the clerk did not become vacated upon his conviction since the appeal suspended the judgment of conviction, which would not become final until the appeal was finally acted upon.

*Hazelrigg, County Judge etc. v. Douglass, etc.*, 126 Ky. 738, 104 S.W. 755 (1907), was a proceeding brought about by the ouster of three members (justices) of the Fiscal Court of Montgomery County, Kentucky. Each had been convicted of malfeasance in office and fined. The judgment entered upon the verdict of the jury ordered that "the offices held by said defendants be, and they are here, declared to be forfeited and vacant . . . ." An appeal was duly and timely filed from the judgment on the verdict of the jury. In discussing the status of a public official who had been found guilty of a grave offense, we said:

"It is suggested that when a public official has been indicted and found guilty of a grave offense, and judgment has been pronounced depriving him of the office in the conduct of which he committed the malfeasance, he ought not thereafter to be allowed by suspending the judgment to discharge the duties of the office during an appeal; thereby defeating the course of the law that took from him the office he had disgraced. A sufficient answer to this is that, in the administration of justice, under our procedure, no judgment of an inferior tribunal can be deemed to finally adjudge the rights of the parties when the person against whom it is entered prosecutes within the time and in the manner allowed by law an appeal to a court having jurisdiction to revise it. Neither public policy nor the ends of justice would be promoted by denying to a public official the right to test the validity of a judgment against him; and it is difficult to understand upon what principle it can be maintained that such officer may appeal from so much of the judgment as imposes a trifling fine, fully protecting his rights by the execution of a bond, and yet be denied the more important right to save his office until the judgment of the lower court can be reviewed."

We further said:

"Again, it would be giving to the convicted officer very inadequate relief to say that he might appeal from the judgment vacating his office, and yet be deprived of the office by the judgment of the inferior court, although that judgment might be reversed and entirely set aside by the judgment of the appellate court. . . ."

In *Dial v. Commonwealth*, 142 Ky. 32, 133 S.W. 976 (1911), this court, in considering the meaning of the word "conviction" as used in limiting an attack on the quality of a witness' testimony, said:

"The word conviction has a two-fold meaning. One is the determination of the fact of guilt, as by the verdict of a jury. . . . The other and the one in which it is employed in speaking of a state of infamy, denotes the final judgment in the prosecution. . . .

Greenleaf, Evidence (Sec. 375) lays it down, that:

'The mere verdict of the jury is not sufficient for this purpose; for it may be set aside, or the judgment may be arrested, on the motion for that purpose. It is the judgment, and that only, which is received as the legal and conclusive evidence of the party's guilt, for the purpose of rendering him incompetent to testify.' "

The criminal offenses of which appellant was found guilty certainly denote infamy.

In defining the word "conviction" as used in relation to an offer of reward for the arrest and conviction of robbers, this court, in *Stone, Auditor v. Wickliffe*, 106 Ky. 252, 50 S.W. 44, 20 Ky.Law Rep. 1806 (1899), held that when an appeal is prosecuted from a judgment of conviction, the right to the reward is suspended until final judgment.

In *Nicholson v. Judicial Retirement and Removal Commission*, Ky., 562 S.W.2d 306 (1978), we discussed the purposes of the Commission (Ky.Const.Sec. 121). In doing so, we said:

"The aim of proceedings instituted pursuant to this section is to improve the quality of justice administered within the Commonwealth by examining specific complaints of judicial misconduct, determining their relation to a judge's fitness for office and correcting any deficiencies found by taking the least severe action necessary to remedy the situation."

In *Commonwealth v. Duvall*, Ky., 548 S.W.2d 832 (1977), counsel for the Commonwealth attempted to introduce proof that the accused who was on trial for knowingly receiving stolen property had been convicted of a similar offense. His appeal to this court had been affirmed, but a petition for rehearing was pending in this court when Duvall was brought to trial on the current charge. We said that for impeachment purposes a judgment of conviction that had been appealed is not final until the mandate has issued. We reasoned that "until the litigation is ended and the conviction has survived the appeal it should not be admis-

sible. Until then the defendant's day in court is not over."

Since this second issue is to this court one of first impression and is one vital for determination so as to give further understanding to the meaning and design of the Commission, we have considered long and hard the pros and cons to this issue. A proceeding before the Commission is not a criminal matter, although in some instances it may take on the appearance of being so. The proof must be by clear and convincing evidence. SCR 4.160. Throughout the proceeding before the Commission the accused is extended every opportunity needed by him to explain away the charges made against him, bearing in mind that before being removed from office that such action is demanded in the best interest of justice.

In the instant proceeding, Judge Cornett has implored the Commission to await the final outcome of the criminal proceedings against him in the federal courts. Would granting Judge Cornett's request in any way interfere with the best interest of justice to be served? Judge Cornett has been suspended from the practice of law as an attorney. He cannot therefore practice law. On January 10, 1980, the Chief Justice of this court entered an order authorizing the regular judge of the Harlan Circuit Court assigned temporarily as special presiding judge of the District Court for the 26th Judicial District, with full and exclusive authority and responsibility to conduct all proceedings now and hereafter pending in that court. Judge Cornett was ordered to release to the said circuit judge all of the records and physical facilities of the district court. Consequently, for all intent and purposes, Judge Cornett cannot sit as the District Judge for the 26th Judicial District. Not being able to practice law or to hold court, it can hardly be in the best interest of justice that Judge Cornett's request that the Commission withhold the entry of an order removing him from office be denied. Judge Cornett's appeal to the United States Court of Appeals is still pending. Consequently, there is no "conviction" which could at this time

form the basis for the entry of an order removing him from office. Conviction, as used in SCR 4.020(1)(b)(vii), means a determination of guilt which, if appealed, has been affirmed by the court of last resort to which the conviction is carried.

The order of the Commission is reversed, and the cause remanded to the Commission so that it can either await the outcome of the federal appellate process or conduct an independent hearing and make its own findings of culpability and enter an appropriate order based on them.

Palmore, C. J., and Aker, Clayton, Stephens, Stephenson and Sternberg, JJ., concur. Lukowsky, J., concurs in the result only for the reason convictions may not be used as evidence until final action on appeal has been taken. *Commonwealth v. Duvall*, Ky., 548 S.W.2d 832 (1977). Consequently, the order of the Commission must be reversed and the cause remanded to the Commission so that it can either await the outcome of the federal appellate process or make an independent evaluation of the federal trial record, make its own findings of culpability, and enter an appropriate order based on them.