**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Fred L. TANNER, Respondent.**

No. 2004–SC–0851–KB.

Supreme Court of Kentucky.

Jan. 20, 2005.

Bruce K. Davis, Executive Director, Kentucky Bar Association, Steven T. Pulliam, Kentucky Bar Association, Frankfort, Counsel for Complainant.

Fred L. Tanner, Bowling Green, for Respondent.

### OPINION AND ORDER OF PERMANENT DISBARMENT

Fred L. Tanner, KBA No. 69705, of Bowling Green, Kentucky, was charged with the following violations:

1) SCR 3.130–8.3(b) committing a criminal act that reflects adversely on the lawyer's trustworthiness or fitness as a lawyer; and,

2) SCR 3.130–8.3(c) engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

On May 22, 2003, judgment was entered against Tanner finding him guilty of embezzlement under 18 U.S.C. Sec. 656. Tanner had entered a guilty plea on charges that he embezzled funds from his last employer, Bowling Green Bank and Trust Company. On April 24, 2003, this Court temporarily suspended Tanner from the practice of law. On April 10, 2003, the Inquiry Commission served a complaint through the Secretary of State, at his place of incarceration, but Tanner failed to respond to either the original or the reminder letter.

On February 18, 2004 and after entering the charges, the Inquiry Commission again served Tanner through the Warren County Sheriff. Tanner failed to respond to this notice or subsequent reminder letters. Tanner defaulted on the charges and entered no appearance.

The Board unanimously voted for his guilt, and voted 15–1 recommending permanent disbarment. One vote recommended a five-year suspension with restitution as ordered by the Federal Court order.

It is hereby ORDERED:

1) Fred L. Tanner is permanently disbarred from the practice of law in the Commonwealth of Kentucky.

2) Pursuant to SCR 3.390, Tanner shall, within ten days from the entry of this Opinion and Order, notify in writing all courts in which he has matters pending and all clients he is currently representing of his inability to provide further legal services and provide the Director of the Kentucky Bar Association with a copy of all such notice letters, or with a certification that he has no active clients, whichever is applicable.

3) Tanner is further ordered to pay all costs associated with this disciplinary proceeding in the amount of $247.73, pursuant to SCR 3.450, for which execution may issue.

All concur.

Entered: January 20, 2005.

/s/ Joseph E. Lambert
Chief Justice