KENTUCKY BAR ASSOCIATION,
Movant

v.

Raymond Brian RICE, Respondent.

No. 2007–SC–000060–KB.

Supreme Court of Kentucky.

Aug. 15, 2007.

OPINION AND ORDER

JOSEPH E. LAMBERT, Chief Justice.

The Board of Governors of the Kentucky Bar Association ("KBA") has recommended to this Court that Raymond Brian Rice, whose KBA member number is 85579 and whose bar roster address is 3225 Pebble Lake Dr. Lexington, KY 40515, be suspended from the practice of law for five (5) years. This matter is before this Court pursuant to the Court's own notice of review to determine whether permanent disbarment is the appropriate penalty for Rice's misconduct. Upon review of the briefs, the record, and the applicable law, we conclude that permanent disbarment is warranted in this case.

Rice was admitted to the practice of law in the Commonwealth of Kentucky in October, 1994. On May 11, 2004, Rice was charged by the Inquiry Commission with violating SCR 3.130–8.3(b) (criminal conduct) and SCR 3.130–8.3(c) (deceitful conduct) arising out of his September 4, 2002 conviction of two (2) counts of False Statement as to Identity (KRS 434.570) in the Fayette Circuit Court. The conviction stemmed from credit card identity theft perpetrated by Rice when he, along with his then girlfriend, obtained two credit cards in the name of "David C. Rice" and used the social security number and birth date of the real David C. Rice. Thereafter the charge cards were used to make purchases totaling $14,332.42. It is significant that Rice committed these credit card-related felonies while working as an Assistant Fayette County Attorney, a job he held from May, 1997, until May 7, 1999, when he was terminated in connection with the above charges.

Rice was indicted on the above charges in October, 1999, and his trial was scheduled for sometime in February, 2001. However, his trial was continued until May, 2001. In March, 2001, while awaiting trial, Rice accepted a teaching position in China and left the country, without seeking permission of authorities to leave the jurisdiction. Rice came back to the United States a year later in the spring of 2002 and made no effort to contact the police, the court or the Commonwealth Attorney's office. Rice was arrested on July 11, 2002. On August 9, 2002, Rice pled guilty to two counts of False Statement as to Identity and, pursuant to a plea

agreement, was sentenced to one year on each count, to be served consecutively, probated for five years. Conditions of his probation were that he maintain good behavior, comply with probation regulations and directions, pay court costs, pay restitution in the amount of $13,943, maintain gainful employment, and perform 40 hours of community service.

The hearing before the Trial Commissioner was held on February 20, 2006. The Trial Commissioner entered her report on May 26, 2006, finding Rice guilty of the alleged violations of SCR 3.130–8.3(b) and SCR 3.130–8.3(c) and recommending a five (5) year suspension from the practice of law, to run concurrently and retrospectively from and after the entry of the Order of Temporary Suspension of August 26, 2004, and to continue until reinstatement is granted. The KBA appealed the Trial Commissioner's recommendation of anything less than permanent disbarment. On January 16, 2007, the Board of Governors entered its Findings of Fact, Conclusions of Law, and Recommendations wherein, in a 11–9 split decision, it recommended a five (5) year suspension from the practice of law to be applied prospectively from the date of the entry of the Court's order. The Board further recommended that Respondent be referred to KYLAP for mental health evaluation and monitoring. The other nine members of the Board voted for permanent disbarment. Neither party filed a notice of review; this Court filed its own notice of review pursuant to SCR 3.370(9).

Rice does not contest the finding that he violated SCR 3.130–8.3(b) and (c). Indeed, the criminal conviction itself forecloses further inquiry into whether he committed the alleged acts of misconduct. *Kentucky Bar Ass'n v. Horn,* 4 S.W.3d 135, 137 (Ky.1999); *Kentucky Bar Ass'n v. Lester,* 437 S.W.2d 958, 959 (Ky.1968). The only issue before this Court is the appropriate punishment for the violations.

The mitigating factors considered by the Trial Commissioner in her recommendation of a five (5) year suspension were: that Rice had made some payments on the fraudulent credit cards (although he utilized money orders to ensure that the payments could not be traced back to him); Rice's efforts to maintain employment; Rice's positive employment record with the Fayette County Attorney's office; Rice had complied with the terms of his probation, including community service and restitution payments; Rice had no prior criminal record or KBA disciplinary actions against him; Rice had engaged in no further criminal activity; and Rice had expressed remorse for the wrongful conduct. Some of the aggravating factors considered by the Trial Commissioner were: Rice claimed he fraudulently obtained the credit cards because of financial difficulties, yet Rice was gainfully employed at the time; Rice's failure to take any action to terminate the fraudulent accounts; although Rice knew the consequences of leaving the jurisdiction while the criminal charges were pending, he left anyway; and Rice's failure to notify the authorities upon his return from China.

An aggravating factor that this Court finds most troubling is the Trial Commissioner's finding that "Respondent does not see any connection between his criminal conduct and his practice of law." As recently as February 20, 2006, during the hearing before the Trial Commissioner, Rice testified that he did not feel that committing the felonies impacted his fitness as a lawyer because the credit card offenses were not related to the practice of law or his job as an Assistant County Attorney. When Rice was asked if he felt it was harmful to the Commonwealth to have one of its prosecutors also committing felonies, Rice replied, "no, ma'am."

Rice's failure to recognize, or stubborn refusal to acknowledge, the inherent hypocrisy calls into question his moral fitness to continue to practice law.

Also of extreme concern to this Court is Rice's initial denial of the charges, his reluctance to take responsibility for the crimes, and the diagnosis of a personality disorder which Rice has failed to get mental health treatment for as of the date of the hearing. In his July 13, 2004 *pro se* Answer to the Charge issued by the Inquiry Commission, Rice denied all of the allegations in the Charge despite his guilty plea to the criminal offenses. When asked at the hearing why he had sent the credit card statements back to the credit card companies advising them that David C. Rice did not live at this address, Rice amazingly stated his reasoning was, "It was not my credit card. I had not received the credit card, so I wasn't going to take responsibility for the credit card." Although Rice paid lip service to taking full responsibility for the crimes, throughout his questioning at the hearing he repeatedly tried to shift blame onto his then girlfriend. Rice testified that it was his girlfriend who filled out the credit card applications, obtained the social security number and date of birth of David C. Rice, and who activated the cards, even though there was evidence that one of the credit cards was activated from a phone in the building in Lexington where Rice worked at the time. Rice denied charging any items on the credit cards, and denied being aware of any specific purchases on the cards. The evidence established that a majority of the charges on the cards were made in Lexington, while Rice testified that his girlfriend was living in Prestonsburg at the time. We agree with the Trial Commissioner that Rice's testimony to that effect "strain[s] credulity."

The report of the clinical psychologist who evaluated Rice in 2005 concluded that Rice suffered from a personality disorder with narcissistic, anti-social and dependant features, which manifests in Rice being self-absorbed and blaming others for his difficulties. As of the date of the hearing Rice had not obtained any mental health treatment, but he expressed interest in seeking counseling if he had employment with mental health coverage.

Relative to this being a crime involving financial dishonesty, this Court has recently stated, "our precedent is crystal clear: we treat criminal financial misconduct by attorneys very seriously; and we have previously found that disbarment was appropriate for numerous attorneys who had committed criminal offenses involving dishonesty in financial matters." *Kentucky Bar Ass'n v. Rorrer*, 222 S.W.3d 223, 229 (Ky.2007) (footnote omitted) (permanent disbarment of attorney who participated in client's money laundering scheme): *see Kentucky Bar Ass'n v. Sivalls*, 165 S.W.3d 137 (Ky.2005) (permanent disbarment of attorney convicted of Possession of Forged Instrument and Theft by Failure to Make Required Disposition relative to client's funds); *King v. Kentucky Bar Ass'n*, 162 S.W.3d 462 (Ky.2005) (permanent disbarment of attorney convicted of 132 felony counts of Theft by Failure to Make Required Disposition while acting as Master Commissioner); *Kentucky Bar Ass'n v. Tanner*, 152 S.W.3d 875 (Ky.2005) (permanent disbarment of attorney convicted of Embezzlement); *Caudill v. Kentucky Bar Ass'n*, 155 S.W.3d 725 (Ky.2005) (permanent disbarment of attorney convicted of Embezzlement and Theft by Failure to Make Required Disposition); *Kentucky Bar Ass'n v. Layton*, 97 S.W.3d 452 (Ky. 2003) (permanent disbarment of attorney convicted of Theft by Failure to Make Required Disposition while acting as Master Commissioner); *Kentucky Bar Ass'n v. Matthews*, 131 S.W.3d 744 (Ky.2004) (permanent disbarment of attorney convicted of several bank fraud felonies); *Dickey v.*

*Kentucky Bar Ass'n,* 98 S.W.3d 864 (Ky. 2003) (permanent disbarment of attorney convicted of Conspiracy to Commit Securities Fraud).

In light of our precedent relative to criminal financial misconduct, the deceitful nature of the crimes, Rice's subsequent flight from the jurisdiction, his reluctance to take responsibility for his actions, and his inability to see the disconnect between his criminal behavior and his job as a prosecutor, we conclude that permanent disbarment is warranted in this case. ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) Respondent, Raymond Brian Rice, is permanently disbarred from the practice of law;

(2) In accordance with SCR 3.450, Rice is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $2,886.98, for which execution may issue from this Court upon finality of this Opinion and Order; and

(3) Pursuant to SCR 3.390, Rice shall, within ten (10) days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his disbarment from the practice of law; and furnish copies of all letters of notice to the Executive Director of the Kentucky Bar Association. Furthermore, to the extent possible, Rice shall immediately cancel and cease any advertising activities in which he is engaged.

All sitting.

CUNNINGHAM, MINTON, NOBLE, SCHRODER, SCOTT, JJ., concur.