KENTUCKY BAR ASSOCIATION,
Movant

v.

Ronnie Wayne REYNOLDS,
Respondent.

No. 2012–SC–000400–KB.

Supreme Court of Kentucky.

Sept. 20, 2012.

### OPINION AND ORDER

Ronnie Wayne Reynolds[1] pleaded guilty in federal court to felony charges arising

out of an extortion scheme in which he charged exorbitant legal fees to clients facing criminal charges and then split the fees with the Whitley County Sheriff, who had procured the clients for Reynolds. Reynolds, who is currently serving a sentence for that conviction, was immediately suspended from the practice of law upon his conviction. The Board of Governors of the Kentucky Bar Association now moves for Reynolds's permanent disbarment from the practice of law in Kentucky. For the reasons set forth below, we adopt the Board's recommendation and permanently disbar Reynolds and order him to pay the cost of this proceeding.

## I. REYNOLDS CONSPIRED TO EXTORT MONEY FROM CLIENTS.

Reynolds admits that he conspired with the Whitley County Sheriff to extort funds from three of his clients. The Sheriff referred three individuals to Reynolds on separate occasions over a three-year period. These individuals were facing felony criminal offenses in state court, and they retained Reynolds to defend them.

Reynolds charged these clients $160,000; $72,000; and $25,000, respectively, for a total of $257,000. From these fees, Reynolds paid $57,500 to the Sheriff for referring the clients to him and to prevent the Sheriff from referring them elsewhere. In

addition to the split fees, the Sheriff accepted forfeiture, donations, or cash payments from these same clients for the Whitley County Sheriffs Office. The Sheriff accepted $25,000 in one case and approximately $30,500 in another, all in exchange for favorable consideration in each client's case. Ultimately, with the consent of the Sheriff, all the felony charges for these clients were reduced to misdemeanors.

Reynolds's conduct led to a federal charge. He pleaded guilty in federal court to a violation of 18 USC § 1951(a) for extortion under color of official right; and he agreed to forfeit to the federal government $199,500, which represents the proceeds he acquired as a result of his criminal enterprise. Reynolds was sentenced to 27 months' incarceration, followed by two years' supervised release. He is currently incarcerated in West Virginia.

## II. THE DISCIPLINARY BACKGROUND.

The Inquiry Commission issued a three-count Charge against Reynolds for violating: (1) SCR 3.130–3.4(b),[2] by conspiring with the Sheriff and paying him to have criminal charges against his clients improperly dismissed or to have lesser charges issued; (2) SCR 3.130–5.4(a),[3] by paying the Sheriff part of the legal fee paid by his clients; and (3) SCR 3.130–8.4(a)–(e),[4] by knowingly conspiring with

---

1. Kentucky Bar Association (KBA) Member No. 57710; admitted to practice law in Kentucky in 1983; bar roster address, 225 N. 3rd Street, Williamsburg, Kentucky 40769.

2. SCR 3.130–3.4(b) reads, "A lawyer shall not: (b) knowingly falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness that is prohibited by law."

3. SCR 3.130–5.4(a) reads, "[a] lawyer or law firm shall not share legal fees with a nonlaw-

yer...." None of the exceptions listed in SCR 3.130–5.4(a)(1)–(3) apply to the circumstances presented here.

4. SCR 3.130–8.4(a)–(e) reads, "It is professional misconduct for a lawyer to: (a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another; (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness[,] or fitness as a lawyer in other respects;

and assisting a public official in obtaining property not due that official or his office from Reynolds's clients charged with felony offenses in exchange for reduced charges and sentences. The Board of Governors issued its Findings of Fact, Conclusions of Law, and Recommendation unanimously finding Reynolds guilty of all three counts asserted in the Charge. The Board recommended Reynolds be permanently disbarred and ordered to pay the costs of the proceeding.

## III. PERMANENT DISBARMENT WARRANTED.

■ The Court finds that permanent disbarment is the only appropriate sanction for such gross misconduct.

In support of permanent disbarment, the KBA notes that the American Bar Association has stated with regard to the criminal activity present here, "[d]isbarment is generally appropriate when: (a) a lawyer engages in serious criminal conduct a necessary element of which includes intentional interference with the administra-

tion of justice...."[5] And "[w]hile the ABA's *Standards* are not binding authority on this Court by any means, they can at times serve as persuasive authority."[6] Here, Reynolds circumvented the system that he is sworn to uphold and betrayed the trust of the public in the fair administration of justice. This conduct is intolerable. The public can have no confidence in the legal system if the members sworn to uphold it manipulate outcomes in the name of greed and personal gain.

This Court has consistently taken criminal financial misconduct very seriously.[7] While each disciplinary proceeding warrants a case-by-case review, there is no doubt that Reynolds's conduct constitutes serious criminal financial misconduct. And permanent disbarment is an appropriate penalty.

■ Reynolds urges this Court to consider various mitigating factors, including his lack of disciplinary record, good standing in the community, and the aberrant nature of his conduct. But we have "disbarred attorneys who have committed fi-

---

(c) engage in conduct involving dishonesty, fraud, deceit[,] or misrepresentation; (d) state or imply an ability to influence improperly a government agency or official or to achieve results by means that violate the Rules of Professional Conduct or other law; or (e) knowingly assist a judge or judicial officer in conduct that is a violation of applicable Rules of Judicial Conduct or other law."

5. American Bar Association, *Standards for Imposing Lawyer Sanctions* § 5.11 (1991).

6. *Anderson v. Kentucky Bar Ass'n*, 262 S.W.3d 636, 639 (Ky.2008).

7. *Kentucky Bar Ass'n v. Carmichael*, 244 S.W.3d 111, 114 (Ky.2008); *Kentucky Bar Ass'n v. Rorrer*, 222 S.W.3d 223, 229 (Ky. 2007) ("[O]ur precedent is crystal clear: we treat criminal financial misconduct by attorneys very seriously; and we have previously found that disbarment was appropriate for *numerous* attorneys who had committed criminal offenses involving dishonesty in fi-

nancial matters."); *see, e.g., Kentucky Bar Ass'n v. Tanner*, 152 S.W.3d 875 (Ky.2005) (permanently disbarring attorney convicted of embezzlement); *Caudill v. Kentucky Bar Ass'n*, 155 S.W.3d 725, 726 (Ky.2005) (accepting attorney's resignation under terms of permanent disbarment when attorney pleaded guilty to embezzlement and theft by failure to make required disposition); *Kentucky Bar Ass'n v. Steiner*, 157 S.W.3d 209, 215 (Ky. 2005) (disbarring attorney who misappropriated client funds for his own use, despite attorney's lack of previous disciplinary history and claim of mental illness); *Kentucky Bar Ass'n v. Matthews*, 131 S.W.3d 744 (Ky.2004) (permanently disbarring attorney convicted of bank fraud); *Dickey v. Kentucky Bar Ass'n*, 98 S.W.3d 864 (Ky.2003) (approving attorney's motion to withdraw under terms of permanent disbarment when attorney had pleaded guilty to conspiracy to commit securities fraud).

nancial misconduct even when they have made efforts to rehabilitate themselves and even when they had committed merely a single offense."[8] And, "even a single case of such gross neglect, misconduct, and misappropriation of funds can justify permanent disbarment."[9] Although Reynolds does not have a prior disciplinary record[10] and has a good reputation in the community, "such a flagrant abuse of authority and disregard for the law warrants permanent disbarment."[11]

### IV. CONCLUSION.

We agree that Reynolds violated the Rules of Professional Conduct. And we agree that permanent disbarment is an appropriate sanction for these violations. The Board's findings and conclusions are supported by the record and the law. And we adopt the decision of the Board of Governors.

For the foregoing reasons, the Court Orders:

1) Ronnie Wayne Reynolds, KBA Member No. 57710, is guilty of all charges alleged in KBA File No. 19626;

2) Reynolds is permanently disbarred from the practice of law in the Commonwealth of Kentucky;

3) In accordance with SCR 3.450, Reynolds is ordered to pay all costs associated with these disciplinary proceedings against him, said sum being $434.59, for which execution may issue from this Court upon finality of this Opinion and Order; and

4) Under SCR 3.390, Reynolds shall, within ten days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing all courts in which he has matters pending of his disbarment from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel. Furthermore, to the extent possible, Reynolds shall immediately cancel and cease any advertising activities in which he is engaged.

All sitting. All concur.

ENTERED: September 20, 2012.

/s/ John D. Minton, Jr.
    Chief Justice

---

8. *Carmichael,* 244 S.W.3d at 113.

9. *Kentucky Bar Ass'n v. Eubanks,* 647 S.W.2d 789 (Ky.1983).

10. The KBA claims that Reynolds does have a prior disciplinary record because he was immediately suspended under SCR 3.166 upon being convicted of the felony at issue here. There are no other marks on his disciplinary record outside of the instant events. We do not agree that this constitutes a prior disciplinary record in this case.

11. *Carmichael,* 244 S.W.3d at 115.