**Brian P. GILFEDDER, Movant**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 2013–SC–000261–KB.**

Supreme Court of Kentucky.

June 20, 2013.

## OPINION AND ORDER

Movant, Brian P. Gilfedder, whose KBA member number is 25290 and whose bar roster address is 129 Short Street, Lexington, Kentucky 40507, was admitted to the practice of law in this Commonwealth on September 19, 1972. He is currently suspended from the practice of law under SCR 3.166 for a federal criminal conviction. He has now moved to resign from the Kentucky Bar Association under terms of permanent disbarment. This Court grants that motion.

The decision resolves three pending disciplinary matters, KBA Files 21191, 21332, and 21381.

██ File No. 21191 arose from Gilfedder's representation of a disabled veteran, which began when he was appointed the veteran's conservator in 1990. Over the next 20 years, Gilfedder stole $639,618.43 in Veteran's Administration and Social Security Administration benefits that were paid to the client. In 2009, the VA ceased paying benefits to Gilfedder as the conservator. An accounting was sought in the Fayette District Court, and Gilfedder refused to comply with court orders to file the accounting. As a result, in August 2012, Gilfedder was held in contempt by the Fayette District Court and ordered to serve 180 days in custody.

This resulted in federal criminal charges against Gilfedder, He entered a guilty plea

in which he admitted to stealing the benefits and converting them to his own use between 1991 and 2011. On April 2, 2013, he was sentenced to 41 months in federal prison and agreed to move to resign from the Kentucky bar under terms of permanent disbarment.

Gilfedder admits that his failure to provide the accounting as ordered by the district court violated SCR 3.130–3.4(c), which requires that "[a] lawyer shall not ... knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists." He also admits that his theft of the benefits and conversion to his own use violated SCR 3.130–8.3 before 2009 and SCR 3.130–8.4 after 2009.[1] Those rules state that "[i]t is professional misconduct for a lawyer to ... (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; [or] (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

■ The other two files, KBA 21332 and 21381, arose from Gilfedder's representation of Patricia and Robert McAdams and John and Joyce Reeder for claims related to a car accident on September 2, 2007. In October 2009, State Farm paid its applicable policy limits of $100,000 to settle the claims of all four clients, with various amounts assigned to each client. Gilfedder's fee was a one-third contingency fee, or $33,333.33. However, he only distributed $20,000 of the settlement amount, and kept the rest. He thus converted to his own personal use $46,666.67 to which he was not entitled. Both of the McAdamses filed bar complaints against Gilfedder, which is why this misconduct resulted in two KBA files.

Gilfedder admits that his conduct violated SCR 3.130–1.15(a), which states:

A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated, or elsewhere with the consent of the client, third person, or both in the event of a claim by each to the property. The separate account referred to in the preceding sentence shall be maintained in a bank which has agreed to notify the Kentucky Bar Association in the event that any overdraft occurs in the account. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation.

He also admits that his conduct violated SCR 3.130–8.4(b) and (c), which are quoted above.

None of these cases has yet progressed to the point where the Inquiry Commission has issued a formal charge. Nevertheless, Gilfedder has admitted substantial and egregious criminal misconduct and has moved to resign under terms of permanent disbarment under SCR 3.480(3), which permits a bar member to resign when the member has engaged in unethical or unprofessional conduct. The KBA has stated that it has no objection to the motion, and has cited authority establishing that permanent disbarment is appropriate given what Bar Counsel describes as "serious criminal financial misconduct." *See, e.g.,* *Kentucky Bar Ass'n v. Carmichael,* 244 S.W.3d 111 (Ky.2008).

1. The Rules of Professional Conduct were renumbered and in some instances amended on July 15, 2009. Rule 8.3 was renumbered to rule 8.4.

This Court Agrees that Gilfedder's misconduct deserves permanent disbarment as a sanction.

## Order

Accordingly, IT IS HEREBY ORDERED:

1. Movant, Brian P. Gilfedder, is permanently disbarred from the practice of law in the Commonwealth of Kentucky and is not permitted to apply for reinstatement of his license to practice law. The disbarment shall commence on the date of entry of this Opinion and Order.

2. Pursuant to SCR 3.390, Movant shall, within ten days from the entry of this Opinion and Order, notify in writing all courts in the Commonwealth of Kentucky in which he may have matters pending and all clients of his inability to provide further legal services, and furnish the Office of Bar Counsel with a copy of all such letters.

3. Movant is further ordered to pay the costs associated with this proceeding in the amount of $187.75, for which execution may issue upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: June 20, 2013.

/s/ John D. Minton, Jr.