RENDERED: MAY 29, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0966-MR

LESTER COOK, JR.                                  APPELLANT

                      APPEAL FROM WHITLEY CIRCUIT COURT
v.               HONORABLE PAUL K. WINCHESTER, JUDGE
                        ACTION NO. 01-CR-00148

COMMONWEALTH OF KENTUCKY                APPELLEE

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: CETRULO, McNEILL, AND TAYLOR, JUDGES.

CETRULO, JUDGE: Appellant Lester Cook, Jr., ("Cook") appeals the one-sentence Whitley Circuit Court order denying his motion to vacate his conviction under RCr[1] 11.42 and/or order a new trial under RCr 10.02 and CR[2] 60.02.

---

[1] Kentucky Rule of Criminal Procedure.

[2] Kentucky Rule of Civil Procedure. "[U]nless otherwise provided by law, rules of procedure applying to civil cases apply as well to criminal cases." *Commonwealth v. Cambron*, 546 S.W.3d 556, 561 (Ky. App. 2018) (citation omitted).

Finding the circuit court order insufficient, we vacate and remand for further proceedings.

## BACKGROUND

In August 2001, Cook drove his car while intoxicated and killed a woman when he lost control of his vehicle. During his trial, evidence was inconsistent as to the amount of alcohol he drank that fateful day. The accident reconstructionist estimated Cook lost control of his car while traveling approximately six to seven miles per hour under the speed limit, but other testimony suggested he was traveling much faster. After the accident, the arresting officer, Deputy Christopher Stack ("Deputy Stack") informed Cook he could not contact an attorney unless he gave a blood sample. Cook was not permitted to contact an attorney, and Deputy Stack eventually attained a blood sample through a search warrant. At trial, Deputy Stack reaffirmed his statement and "his understanding" of the law regarding implied consent. Ultimately, the jury found Cook guilty of wanton murder and recommended a life sentence. The Whitley Circuit Court accepted the jury's recommendation.

On direct appeal, Cook raised seven arguments, including challenges to Deputy Stack's testimony and the sufficiency of the evidence to support a conviction of wanton murder. In a March 2004 opinion, our Supreme Court affirmed Cook's conviction but remanded for a new sentence. *Cook v.*

*Commonwealth*, 129 S.W.3d 351, 355 (Ky. 2004). The Court determined that Deputy Stack's recitation of the law was erroneous but harmless under the circumstances. *Id.* at 358-59. The Court also concluded that there was sufficient evidence for the trier of fact to find that Cook's actions met the elements for wanton murder, *i.e.*, that he acted wantonly under the circumstances manifesting extreme indifference to human life. *Id.* at 362-63. However, our Supreme Court determined that the Whitley Circuit Court impermissibly allowed the Commonwealth to introduce evidence of a previously dismissed vehicular homicide charge during the penalty phase of trial. *Id.* at 364-65. Thus, Cook's sentence was vacated and the matter remanded for a new penalty phase. *Id.*

On remand, a new sentencing jury recommended a penalty of 50 years of imprisonment. The Whitley Circuit Court accepted this recommendation and entered a final judgment and sentence in September 2004. Cook again appealed, but our Supreme Court affirmed the sentence. *Cook v. Commonwealth*, No. 2004-SC-0853-MR, 2005 WL 1412485, at *2 (Ky. Jun. 16, 2005).

In September 2012, our Supreme Court adopted the Kentucky Bar Association's recommendation of permanent disbarment for Cook's defense counsel, Ronnie Wayne Reynolds ("Reynolds"), after he pleaded guilty in federal court to a charge of extortion under color of official right. *Kentucky Bar Ass'n v. Reynolds*, 378 S.W.3d 310, 311 (Ky. 2012). The extortion scheme involved a

conspiracy between Reynolds and the then Whitley County Sheriff wherein the Sheriff procured clients for Reynolds to represent in state court. *Id.* Reynolds then charged the clients exorbitant legal fees and paid illegal kickbacks to the sheriff in exchange for his "referral services" and to ensure reduced charges. *Id.* The extent and duration of this illegal arrangement is unclear, but Reynolds admitted in his plea deal to three instances of kickbacks between June 2004 and July 2007. *Id.* To be clear, Reynolds represented Cook at his original 2002 trial, his first appeal in 2003-04, his resentencing in September 2004, and his second appeal in 2005. Reynolds received a 27-month sentence in federal prison, and the sheriff received a 186-month sentence.[3]

In January 2023, Cook moved to vacate his convictions pursuant to RCr 11.42 and/or order a new trial pursuant to RCr 10.02(1) and CR 60.02. Cook's motion, drafted by new legal counsel, was 25 pages of well-articulated, well-reasoned arguments. Cook cited more than 30 published cases, properly represented the applicable court rules and his burden, and presented a coherent,

---

[3] Beyond the extortion, the sheriff was convicted of conspiracy to distribute oxycodone and conspiracy to commit money laundering, **and** the county bookkeeper pleaded guilty to charges related to money laundering, extortion, and drug distribution due to her participation in the conspiracy from 2003 to 2008. U.S. Attorney's Office Eastern District of Kentucky, FBI ARCHIVES, (1) https://archives.fbi.gov/archives/louisville/press-releases/2011/former-whitley-county-sheriff-sentenced-186-months-for-extortion-money-laundering-and-drug-trafficking-offenses, and (2) https://archives.fbi.gov/archives/louisville/press-releases/2011/bookkeeper-for-former-whitley-county-sheriff-pleads-guilty-to-money-laundering-conspiracy (both last visited May 1, 2026).

legally supported argument. In short, Cook argued that the newly discovered evidence of corruption demonstrated that the prosecution engaged in misconduct and that his defense attorney was burdened by a conflict of interest. He asserted the evidence of criminal conduct between his attorney and the Whitley County Sheriff supported the claim that the Commonwealth engaged in misconduct by offering and relying upon false evidence to secure a conviction of wanton murder in violation of Cook's Fourteenth Amendment rights to due process and a fair trial. He asserted that the jury and our Supreme Court would not have found various errors and omissions harmless if the corruption had been known at that time. Cook argued his motion was timely, and fell within the exceptions to strict timing requirements, because in prison he was not aware of the criminal conspiracy involving his defense counsel and the county sheriff.

For two years, the Commonwealth did not respond to Cook's motion, nor did the circuit court act. It is unclear why the Commonwealth and the Whitley Circuit Court viewed their duties as optional.

In May 2025, now more than two years later, Cook moved for a ruling on his prior motion. In June 2025, the Commonwealth responded to Cook's motion but merely submitted a few paragraphs expressing disdain. The Commonwealth stated that it took personal offense to Cook's "laughable" motion but cited no caselaw and made no reference to Cook's specific arguments. In fact,

the Commonwealth failed to counter a single one of Cook's assertions. The next week, the Whitley Circuit Court entered a one-sentence order dismissing Cook's motions in full without a hearing, explanation, support, nor rationale. Cook appealed.

## ANALYSIS

On appeal, Cook repeats his argument that the newly discovered evidence of extortion and the illegal kickback scheme between the Whitley County Sheriff and Reynolds occurring during the time period Cook was prosecuted demonstrates that (a) the prosecution engaged in misconduct and presented false testimony from Deputy Stack in order to secure a murder conviction; and (b) trial counsel labored under a conflict of interest, resulting in a constructive denial of Cook's Sixth Amendment right to counsel.

Conversely, the Commonwealth, appellate counsel for the Attorney General, presented the rebuttal to Cook's argument that should have been presented by the Whitley County Commonwealth's Attorney. However, under these circumstances, we are not at liberty to analyze the merits of these arguments. We are a court of review but have no findings and conclusions by the circuit court to review.

We review orders denying CR 60.02 motions, RCr 11.42 motions, and RCr 10.02 motions for an abuse of discretion. *Grundy v. Commonwealth*, 400

-6-

S.W.3d 752, 754 (Ky. App. 2013) (citation omitted) (reviewing CR 60.02 motions); *Jackson v. Commonwealth*, 567 S.W.3d 615, 619 (Ky. App. 2019) (citation omitted) (reviewing RCr 11.42 motions); *St. Clair v. Commonwealth*, 451 S.W.3d 597, 617 (Ky. 2014) (citation omitted) (regarding RCr 10.02 motions). A trial court abuses its discretion if its "decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted). As the Whitley Circuit Court's decision here is entirely unsupported, we must find the court's order is "unsupported by sound legal principles" and thus, an abuse of discretion.

## CONCLUSION

Therefore, we VACATE the Whitley Circuit Court order denying Cook's motion for post-judgment relief and REMAND for additional proceedings consistent with this Opinion.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Matthew M. Robinson
Covington, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Erik Farleigh
Assistant Attorney General
Frankfort, Kentucky