**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**David K. LAYTON, Respondent.**

No. 2002–SC–0902–KB.

Supreme Court of Kentucky.

Feb. 20, 2003.

Bruce K. Davis, Executive Director, Jane H. Herrick, Kentucky Bar Association, Frankfort, Counsel for Complainant.

Lee M. Dean, Dean, Dean & Dean, Harrodsburg, Counsel for Respondent.

## OPINION AND ORDER

In October 2000, this Court temporarily suspended David K. Layton (# 40510) of Lancaster, Kentucky, based on a Petition for Temporary Suspension filed by the Inquiry Commission which alleged that Layton had converted or misappropriated funds from his account as Master Commissioner of Jessamine and Garrard counties. In June 2000, he admitted to Circuit Judge Hunter Daugherty that he had converted the funds for several years.

A Special Prosecutor from the Attorney General's office filed an Information against Layton alleging seven counts of theft by failure to make required disposition of property, violations of KRS 514.070, with each count being a Class D Felony.

On November 5, 2001, Layton entered a guilty plea in the Garrard Circuit Court to the seven (7) counts contained in the Information, and on January 3, 2002, he entered a guilty plea to an eighth count of theft by failure to make required disposition of property. The written record does not indicate that Layton's plea was pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), although the videotape of the proceedings does indicate that such a plea was entered. On the same day Layton entered his guilty plea, the circuit court sentenced him to five years in prison on Counts 1 through 4, to run concurrently; five years on Counts 5 through 8, to run concurrent with each other but consecutive to Counts 1 through 4. Layton was thereafter sentenced to five years of supervised probation and ordered to pay restitution to victims in the amount of $200 per month. He was also ordered to serve 120 days in jail. The circuit court determined that the total amount of restitution owed by Layton was $385,819.47.

On May 14, 2002, the Inquiry Commission issued a charge against Layton alleging a violation of SCR 3.130–8.3(b) which provides: "It is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

On May 31, 2002, Layton filed an answer denying any violation of SCR 3.130–8.3(b) and claimed that he committed the felony offenses in defense of a deadly mood disorder or bi-polar disorder and severe obsessive compulsive personality features. The record does not contain any evidence verifying Layton's medical condition.

Pursuant to SCR 3.210, the parties agreed that the matter contained only questions of law and the agreement reflecting this understanding was filed with the disciplinary clerk on July 8, 2002. On July 18, 2002, Layton filed an amended answer, referring and incorporating the videotape proceedings of his guilty plea and final sentencing.

Layton filed a brief with the Board of Governors and appeared in person and by counsel before the Board. His counsel stated in his brief, among other things, that Layton concedes all facts and arguments contained in complainant's brief, except that he denies intentional misconduct because the acts complained of were a result of his mental illness, not intentional misconduct, by the *Alford* guilty plea.

According to the Board of Governors, Layton and his counsel made it clear to the Board that he never wanted to practice law again but that should he be disbarred, that his disbarment be based on mental illness and not intentional misconduct. There is no evidence in the record to support his position. Although Layton has been and is currently being treated for a bi-polar disorder, he presented no credible defense to the charge supported by either fact or law.

Following a report by a Board member and due deliberations, the Board unanimously found Layton guilty of the charge and recommended to this Court as follows: On the charge, the Board voted 17 affirmative that the penalty should be permanent disbarment with one vote to accept resignation under terms of permanent disbarment. Accordingly, the Board of Governors of the Kentucky Bar Association recommended that Layton be found guilty of the charge in KBA File No. 8109 for violating SCR 3.310–8.3(b) and recommended permanent disbarment. Neither the Kentucky Bar Association nor Layton filed a notice of review in this Court.

We find that the discipline recommended is appropriate, and, therefore, this Court adopts the recommendation of the Board of Governors.

It is hereby ORDERED that:

1) David K. Layton is permanently disbarred from the practice of law in Kentucky pursuant to SCR 3.380.

2) David K. Layton shall notify any and all courts in which he has matters pending, any and all clients for whom he is actively involved in litigation, and similar legal matters, of his inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly placed in the United States mail within ten (10) days of the date of this order, and Layton shall simultaneously provide a copy of all such letters to the Director of the Kentucky Bar Association. Upon issuance of this Opinion and Order, Layton shall immediately, to the extent possible, cancel and cease any advertising activities in which he is engaged.

3) David K. Layton shall pay the costs of this action in the sum of $253.94, for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

ENTERED: February 20, 2003.

/s/ Joseph E. Lambert
Chief Justice