**Ronald R. SNYDER, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 2010–SC–000549–KB.**

Supreme Court of Kentucky.

Sept. 23, 2010.

*OPINION AND ORDER*

Ronald Snyder moves this Court to enter an order permanently disbarring him from the practice of law in the Commonwealth of Kentucky. In response, the Kentucky Bar Association (KBA) agrees that Snyder's conduct warrants permanent disbarment. Snyder, whose KBA member number is 66280 and whose bar roster address is 187000 Shelbyville Road, Fish-

erville, KY 40023,[1] states that he has not actively practiced law since 1988. The parties have not provided this Court with Snyder's date of admission to the practice of law in Kentucky.

Snyder has admitted to exercising fraudulent and illegal control over another's condominium by renting it to others and keeping the rental income for himself after the condominium owner's death. Snyder admitted to knowingly failing to locate the heirs of the owner or cede control of the condominium to the Commonwealth of Kentucky after the owner's death. Snyder collected at least $15,000 in rent over the course of approximately twelve years. Based on this conduct, he was criminally charged in federal court with committing mail fraud in violation of 18 U.S.C. § 1341. He entered a guilty plea to this charge.[2] According to his plea agreement, this conviction could subject him to up to twenty years' imprisonment, as well as fines and supervised release.

In addition to the federal crime, Snyder admits to state court charges to the effect that "while serving as Executor but not as Attorney" for an estate, he "did not ensure the proper distribution of assets of [the] estate for a period of seventeen years" because of "his abuse of alcohol and failing health . . . ."

The KBA's response to Snyder's motion does not specifically discuss the pending state court charges. The KBA's response does generally recite that Snyder "entered a Plea of Guilty to the criminal charges against him." It is unclear to us whether this statement refers only to the federal mail fraud conviction or to pending charges in Kentucky state court charges, as well.

Despite the KBA's lack of specific response to this admitted misconduct of failing properly to distribute assets of an estate, we note that Snyder attached to his motion a document purporting to be a "Commonwealth's Offer on a Plea of Guilty" signed by Snyder and his counsel, which recites the following facts:

Beginning in March 1993, the defendant [Snyder] intentionally concealed from the rightful heirs and unlawfully maintained control over stock owned by [Decedents T.L. and/or M.L.] upon their deaths. The value of this stock was over $300. The defendant also intentionally concealed from the rightful heirs and unlawfully maintained control over more than $300 in a [bank] checking account owned by [Decedent T.L.] when he died . . . . [recitation of facts underlying federal mail fraud conviction for unlawfully maintaining control over and collecting rental payments on condominium previously owned by Decedent R.C.] . . . Finally, the defendant, knowing that [R.C.] was deceased, used [R.C.'s] name, date of birth and driver's license and

---

1. Snyder's bar roster address was not provided in the parties' pleadings nor were we able to locate it in the record provided. The bar roster address used in this Opinion and Order was found using the Lawyer Locator feature on the KBA website, *www.kybar.org*.

2. Our recitation of the facts underlying this federal mail fraud conviction is consistent with Snyder's admissions in his written plea agreement. Snyder's verified motion to this Court differs from his guilty plea insofar as he alleges here that he "sought unsuccessfully to locate Decedent's heirs" and that his contin-

ued acceptance of rental payments over twelve years occurred "[d]ue to impaired judgment as a result of . . . alcohol abuse and health issues . . . ." We consider Snyder's admissions in his written plea agreement controlling because Snyder entered into the agreement while represented by counsel; and he and his counsel both acknowledged, in writing, that they had reviewed every part of the agreement and that Snyder understood its terms and voluntarily entered into the agreement.

forged his signature to complete a Homestead Exemption application with the Commonwealth of Kentucky in order to reduce tax liability on the property. The agreement then recites the Commonwealth's recommendation for Snyder's sentence—one year on each count, to be served concurrently [3]—offered in exchange for Snyder's plea of guilty to three counts of theft by deception over $300, one count of identity theft, and one count of second-degree criminal possession of a forged instrument. The agreement further states that each charged count would subject Snyder to a statutory penalty of one to five years' imprisonment.[4] Apparently, this state criminal case against Snyder may not yet be fully resolved because Snyder's motion, which was filed with this Court on August 19, 2010, recites that "additional charges are being lodged by the Commonwealth's Attorney for the 30th Judicial District" and that Snyder has "signed [a] Plea sheet with Commonwealth's Attorney's Office as relative to state charges...."

Snyder admits that his misconduct violates Kentucky Supreme Court Rule (SCR) 3.130(8.4)(c) (conduct involving dishonesty, fraud, deceit or misrepresentation) and requests that this Court grant his motion to resign under terms of permanent disbarment under SCR 3.480(3). He verifies that he has not actively practiced law since 1988, that he will not seek reinstatement to the bar, that he will not practice law after his disbarment, that he does not advertise and has no clients, and that he will pay all costs of the disciplinary investigation and proceedings. He also states that because of his mail fraud conviction and other pending charges, "combined with [Snyder's] own significant alcohol abuse and health issues," he wishes "to fully and finally request termination of his license."

Permanent disbarment is warranted here because

- Snyder has stated in his motion that he wishes to resign under terms of permanent disbarment;

- the KBA has no objection to this motion;

- the federal mail fraud conviction is conclusive proof of criminal conduct;[5]

- Snyder has admitted to further criminal conduct for which charges are apparently pending in Kentucky state court;

- we adjudge Snyder guilty of violation of SCR 3.130(8.4)(c); and

- earlier cases involving similar misconduct indicate that permanent disbarment is appropriate.[6]

3. The Commonwealth's recommended sentence also included fines, restitution (return of assets to the T.L. estate), and probation for the same period imposed by the federal district court in the federal mail fraud case.

4. Theft by deception (Kentucky Revised Statutes (KRS) 514.040) is a Class A misdemeanor unless the value of the stolen property exceeds a certain threshold. It appears the relevant amount for a Class D felony is now the range of between $500 and $10,000 although the relevant amount was once the range of $300 to $10,000. Identity theft is a Class D felony. KRS 514.160. Second-degree criminal possession of a forged instru-

ment is also a Class D felony. KRS 516.060. A Class D felony conviction subjects the defendant to a penalty of one to five years' imprisonment. KRS 532.060(2)(d).

5. *Kentucky Bar Association v. Horn,* 4 S.W.3d 135, 137 (Ky.1999).

6. *See Kentucky Bar Association v. Cameron,* 262 S.W.3d 643 (Ky.2008) (misappropriation of funds, double-charging estate, and failure to respond to disciplinary process); *Kentucky Bar Association v. Steiner,* 157 S.W.3d 209 (Ky.2005) (commingling funds, misappropriating funds, and defrauding clients and law firm); *Kentucky Bar Association v. Matthews,*

Accordingly, the Court ORDERS:

1) Ronald Snyder is permanently disbarred from the practice of law in the Commonwealth of Kentucky;

2) Under SCR 3.450, Snyder must pay all costs associated with these disciplinary proceedings in the amount of $78.75, for which execution may issue from the Court upon finality of this Opinion and Order; and

3) Under SCR 3.390, Snyder must, within ten days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his disbarment from the practice of law; and furnish copies of all letters of notice to the Director of the Kentucky Bar Association. Furthermore, to the extent possible, Snyder must immediately cancel and cease any advertising activities in which he is engaged.

All sitting. All concur.

ENTERED: September 23, 2010.

/s/ John D. Minton, Jr.
    Chief Justice

131 S.W.3d 744 (Ky.2004) (fraud, making false statements); *Kentucky Bar Association v. Layton,* 97 S.W.3d 452 (Ky.2003) (misappropriation of funds, guilty plea to charges of theft by failure to make required disposition).