Michael E. CAUDILL, Movant,

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 2004–SC–1111–KB.

Supreme Court of Kentucky.

Feb. 17, 2005.

## OPINION AND ORDER

Movant, Michael E. Caudill, has acknowledged that the Inquiry Commission has grounds to issue a charge against him, and therefore Movant has chosen to resign under terms of permanent disbarment before a charge can be authorized against him. Pursuant to SCR 3.480(3), Caudill, moves this Court to enter an order permanently disbarring him from the practice of law in the Commonwealth of Kentucky. The Kentucky Bar Association has filed a response indicating it has no objection to the motion.

Caudill was admitted to the practice of law in the Commonwealth of Kentucky on April 1, 1974, Membership Number 13325, and his bar roster address is 1001 Center Street, Suite 206, Bowling Green, Kentucky 42101.

On or about November 24, 2004, Caudill entered into a guilty plea agreement, with the United States Attorney's Office for the Middle District of Tennessee, to one count of Embezzlement of Money Belonging to the United States or Under a Program Conducted by the United States, in violation of Title 18 U.S.C. § 641.

He also entered into a second guilty plea agreement with the Commonwealth of Kentucky in Warren County, Kentucky, to two counts of theft by Failure to Make Required Disposition of Property over $300. On December 8, 2004, he filed a Motion to Enter a Guilty Plea consistent with this guilty plea agreement. Further proceedings are scheduled for February 10, 2005.

By verified motion, Caudill has admitted that his conduct violated SCR 3.130–8.3(b), which provides, "It is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness and lawyer in other respects." Also, he has acknowledged that his conduct has constituted unethical conduct in violation of the Kentucky Rules of Professional Conduct.

Caudill seeks to terminate these proceedings by resigning under terms of per-

manent disbarment. He has acknowledged that he cannot be reinstated to practice from permanent disbarment, and that the provisions of SCR 3.480(3)(a) and SCR 3.510 do not apply.

Caudill has agreed that upon entry of an order of this Court sustaining his Motion to Resign Under Terms of Permanent Disbarment, he will never again engage in the practice of law in the Commonwealth of Kentucky.

Based upon Caudill's motion to resign under terms of permanent disbarment from the practice of law, it is ordered the motion is sustained.

Therefore, it is ORDERED that:

1. Michael E. Caudill is hereby permanently disbarred from the practice of law in Kentucky. This disbarment shall commence on the date of entry of this order.

2. There being no costs associated with these disciplinary proceedings, the provisions of SCR 3.450 do not apply.

3. Pursuant to SCR 3.390, Michael E. Caudill shall, within ten (10) days from the entry of this Opinion and Order, notify all clients in writing of his inability to represent them, and notify all courts in which he has matters pending of his disbarment from the practice of law, and furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

4. Michael E. Caudill is also ordered to immediately cancel any and all advertising in which he may be engaged to the extent possible.

All concur.

ENTERED: February 17th, 2005.

/s/ Joseph E. Lambert

Chief Justice