TO BE PUBLISHED

# Supreme Court of Kentucky

2025-SC-0105-KB

IN RE: DALE ANTHONY BRINKER

IN SUPREME COURT

## **OPINION AND ORDER**

Dale Anthony Brinker was admitted to the practice of law in the Commonwealth on October 1, 1982. His KBA Member Number is 07614, and his bar roster address is 301 Pike Street, Covington, KY 41011. He has been temporarily suspended from the practice of law in Kentucky since 2013.[1] The Board of Governors requests that this Court adopt its recommendations and find Brinker guilty of violating two rules of professional conduct, permanently disbar him from the practice of law in Kentucky, and assess against him the certified costs associated with these proceedings.

On or about May 11, 2022, Brinker entered a guilty plea to three counts of theft by unlawful taking, more than $10,000 but less than $1,000,000.[2] Those criminal charges arose when Brinker took money or property from two

---

[1] Although the record provided by the Board of Governors is unclear, we presume this to be true based on *Kentucky Bar Ass'n v. Brinker*, 397 S.W.3d 398 (Ky. 2013), which was the most recent opinion and order from this Court suspending Brinker and also on the KBA's website continuing to list Brinker's status as "suspended." https://www.kybar.org/members/?id=32256347&hhSearchTerms=%22Dale+and+Anthony+and+Brinker%22 (last accessed April 3, 2025).

[2] Theft by unlawful taking of property worth more than $10,000 but less than $1,000,000 is a Class C felony. KRS 514.030(2)(g).

different estates for which he was serving as the executor and trustee in Campbell County. It is unclear from the record what sentence he received as a result of these convictions.

In a separate matter, on an unspecified date, Brinker entered guilty pleas to two counts theft by unlawful taking, more than $10,000 but less than $1,000,000 and one count of theft by unlawful taking, more than $500 but less than $10,000.[3] Those charges arose from Brinker taking money from an estate in Kenton County. Brinker received ten-year suspended sentences to be served concurrently on the charges of theft by unlawful taking, more than $10,000 but less than $1,000,000, and received a five-year suspended sentence for his conviction of theft by unlawful taking, more than $500 but less than $10,000 to be served consecutively with his sentence on the other two counts.

On or about May 4, 2023, approximately one year after his guilty plea to the criminal charges out of Campbell County, the Inquiry Commission issued a Complaint to Brinker which was served on July 19, 2023.[4] The Complaint informed Brinker that the Commission required additional information regarding his foregoing actions and charges and that failure to respond could result in additional charges. Brinker did not respond to the Complaint.

---

[3] Theft by unlawful taking of property worth more than $500 but less than $10,000 is a Class A misdemeanor. KRS 514.030(2)(d).

[4] It is unclear why the Inquiry Commission process did not begin until one year later.

2

On October 23, 2023, the Inquiry Commission filed a two count Charge against Brinker asserting he violated SCR 3.130(8.4)(b)("It is professional misconduct for a lawyer to. . .commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.") and SCR 3.130(8.1)(b)("A lawyer in connection with. . . a disciplinary matter shall not knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority."). Service of the Charge was attempted via certified mail to Brinker's bar roster address on November 6, 2023. It was returned as "not deliverable as addressed unable to forward." Service of the Charge was attempted at numerous other addresses and the Office of Bar Counsel also tried to serve Brinker via the Kenton County Sheriff and the Campbell County Sheriff to no avail. Brinker did not file an answer or otherwise respond to the Charge and an order of submission was filed on September 30, 2024.

As Brinker failed to respond, the Charge went before the Board of Governors by default. SCR 3.210. The Board of Governors unanimously found Brinker guilty of both SCR 3.130(8.4)(b) and SCR 3.130(8.1)(b). It then considered his ample prior discipline. Brinker's history began on March 29, 1991, when he received a private admonition for violating SCR 3.130(1.10) regarding imputed disqualification. On October 21, 2010, he was suspended for CLE noncompliance. On June 14, 2011, he received a private admonition for violating SCR 3.130(3.4)(c) by continuing to practice law after his suspension and by failing to notify clients of his suspension, violating SCR

3

3.130(5.5)(a) by practicing law after his license was suspended, and violating SCR 3.130(5.5)(b)(2) by holding himself out as a licensed attorney after his suspension. On an unspecified date he received a one-year suspension to run consecutively with his suspension for CLE noncompliance, plus restitution of $7,500 to the Dinsmore & Shohl IOLTA account and a $1,500 fine ordered by Boone Circuit Court for violating SCR 3.130(3.4)(c) by knowingly disobeying the rules of a tribunal, SCR 3.130(8.1)(b) by failing to respond to a bar complaint, and SCR 3.130(8.4)(c) by engaging in conduct involving dishonesty, fraud, deceit or misrepresentation by representing to the court he would not prevent a check from clearing and then revoking it. On April 25, 2013, he received yet another one-year suspension to run consecutive to the others for violating SCR 3.130(5.5)(a) by practicing law while suspended and SCR 3.130(8.1)(b) by failing to respond to a bar complaint. Finally, on December 19, 2013, he received a public reprimand for violating SCR 3.130(8.1)(b) by failing to respond to a bar complaint.

The Board of Governors then considered the aggravating and mitigating factors in the case. It concluded the applicable aggravating factors were: prior disciplinary offenses, a dishonest or selfish motive, multiple offenses, bad faith obstruction of the disciplinary proceedings, substantial experience in the practice of law, and illegal conduct. As Brinker did not participate in the proceedings, the Board was unaware of any mitigating factors.

Based on the foregoing, as well as Section 5.11(a) of the American Bar Association's Standards for Imposing Lawyer Sanctions which states that

4

"[d]isbarment is generally appropriate when a lawyer engages in serious criminal conduct, a necessary element of which includes. . . misrepresentation, fraud, extortion, misappropriation, or theft[,]" the Board unanimously voted to recommend to this Court that Brinker be permanently disbarred from the practice of law in Kentucky and that he pay the costs associated with the proceedings against him.

As neither Brinker nor the Office of Bar Counsel has filed a notice of review in this Court, we may choose to either review the Board's decision further or adopt its recommendations. *See* SCR 3.370(9),(10). There is of course ample support in our jurisprudence for the Board's recommendation to disbar Brinker based on his criminal misconduct. By way of non-exhaustive example, in *Kentucky Bar Ass'n v. Reynolds*, an attorney was permanently disbarred after pleading guilty in federal court to felony charges arising out of an extortion scheme in which he charged exorbitant legal fees to his clients facing criminal charges and then split those fees with the county sheriff who had procured those clients for the attorney. 378 S.W.3d 310, 311 (Ky. 2012). Similarly, in *Caudill v. Kentucky Bar Ass'n*, this Court permitted an attorney to terminate the disciplinary proceedings against him by resigning under terms of permanent disbarment. 155 S.W.3d 725, 726 (Ky. 2005). In that case, the attorney pled guilty in federal court to one count of embezzlement and pled guilty in state court to two counts of failure to make required disposition of property over $300. *Id.* at 725. Finally, in *Kentucky Bar Ass'n v. Matthews*, this Court agreed with the Board's non-unanimous recommendation to

5

permanently disbar an attorney. 131 S.W.3d 744, 744-45 (Ky. 2004). That attorney pled guilty in federal court to one count of conspiracy to defraud a financial institution, one count of bank fraud, four counts of making false statements, and one count of bank bribery. *Id.* at 744. We accordingly decline to review the case further and adopt the recommendations of the Board.

It is hereby ORDERED that:

1. Dale Anthony Brinker is adjudged guilty of violating one count of SCR 3.130(8.4)(b) and one count of SCR 3.130(8.1)(b);

2. Brinker, KBA Member Number 07614, is hereby permanently disbarred from the practice of law in the Commonwealth of Kentucky;

3. In accordance with SCR 3.390(2) Brinker shall, within twenty (20) days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his disbarment from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel. To the extent possible, he shall immediately cancel and cease any advertising activities in which he is engaged; and

4. In accordance with SCR 3.450, Brinker shall pay all certified costs associated with these proceedings, said sum being $354.64, for which

execution may issue from this Court upon finality of this Opinion and Order.

All sitting.  All concur.

ENTERED:  April 24, 2025.

_____
CHIEF JUSTICE